FELICE v CHEBOYGAN COUNTY ZONING COMMISSION

Docket No. 47702. Submitted June 6, 1980, at Grand Rapids.—Decided February 17, 1981.

The Cheboygan County Zoning Commission approved a special use permit for construction of a condominium project. Joseph Felice and several others brought an action against the zoning commission and Cheboygan County alleging that the commission violated the Open Meetings Act and seeking injunctive relief, invalidation of the commission's decisions regarding the special use permit, court costs, and actual attorney fees. The commission thereafter held another meeting, in conformity with the act, at which the special use permit was again approved. The parties thereafter stipulated to the withdrawal of the claim for injunctive relief and at the hearing in the trial court the plaintiffs did not seek to invalidate any decisions made by the defendants for noncompliance with the Open Meetings Act. The Cheboygan Circuit Court, Joseph P. Swallow, J., found that the commission's noncompliance with the act had not impaired a public right under the act and denied the plaintiffs' claim for costs and attorney fees. Plaintiffs appeal. *Held:*

1. Under the circumstances of this case, the trial court did not err in finding that there was no impairment of the rights of the public.

2. The act allows recovery of costs and attorney fees by a party who commences an action under the act and succeeds in obtaining relief "in the action". In this case the acts of the parties following the institution of the action obviated the necessity for the trial court to order invalidation of the commission's decision or injunctive relief. Therefore, the plaintiffs did not obtain "relief in the action" within the meaning of the act, and the denial of costs and attorney fees was proper.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] *56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 161.*

Validity, construction, and application of statutes making public proceedings open to the public. 38 ALR3d 1070.

[2] 7 Am Jur 2d, Attorneys at Law § 237 *et seq.*

1. STATUTES — OPEN MEETINGS ACT — INVALIDATION OF DECISIONS.

   A decision of a public body may be invalidated where the body
   has not complied with requirements of the Open Meetings Act
   and it is found that the noncompliance has impaired the rights
   of the public under the act (MCL 15.270[2]; MSA 4.1800[20][2]).

2. STATUTES — OPEN MEETINGS ACT — COSTS AND ATTORNEY FEES.

   Court costs and attorney fees may be recovered by a person who
   commences an action against a public body under the Open
   Meetings Act and who succeeds in obtaining relief in that
   action; a party did not obtain "relief in the action" within the
   meaning of the act where, although the defendants admitted
   violation of the act, the plaintiff withdrew his claim for injunc-
   tive relief and abandoned his action for invalidation of the
   defendants' decision, and where no court order was issued
   compelling compliance, enjoining noncompliance, or invalidat-
   ing any decision of the defendants (MCL 15.271[4]; MSA
   4.1800[21][4]).

*Lyon, Mellon & Conboy,* for plaintiffs.

*Michael J. Hackett,* for defendants.

Before: R. B. BURNS, P.J., and MACKENZIE and
J. T. KALLMAN,* JJ.

MACKENZIE, J. Plaintiffs appeal as of right the
trial court's order denying them court costs and
actual attorney fees in an action filed under the
Open Meetings Act, MCL 15.261 *et seq.;* MSA
4.1800(11) *et seq.*

On May 21, 1979, the Cheboygan County Zoning
Commission (hereinafter defendants) held a meet-
ing at which they issued a special use permit for
the construction of a condominium project. Ap-
proximately one month later, plaintiffs filed this
action seeking injunctive relief, court costs, actual
attorney fees, and the invalidation of decisions
made by the defendants in the meeting of May 21,
1979. A second meeting was held by defendants in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conformity with the act on July 23, 1979, in which the same special use permit was reenacted.

At a hearing August 6, 1979, concerning the issue of actual costs and attorney fees, defendants' counsel admitted that deliberations occurred in a closed session during the May 21 meeting and that such action was not in compliance with the Open Meetings Act. Defense counsel conceded that the second meeting was held to reenact the special use permit as a result of the filing of this lawsuit.

Both parties in the court below concluded that the sole issue for the court's determination was whether defendants' admitted noncompliance with the act in their initial meeting impaired the public's right under the Open Meetings Act. Plaintiffs, at the hearing held August 6, 1979, did not seek to invalidate any decisions made by defendants for noncompliance with the Open Meetings Act. The court's order stated that injunctive relief was denied pursuant to stipulation of the parties. The trial court further found that defendants' noncompliance had not impaired a public right under the act and denied plaintiffs' claim for costs and actual attorney fees. We affirm.

MCL 15.270(2); MSA 4.1800(20)(2) provides for the invalidation of decisions of a public body when there has been noncompliance with requirements of the act and "the court finds that the noncompliance or failure has impaired the rights of the public under this act". The record shows that at 7:04 p.m. on May 21, 1979, a regularly scheduled meeting of the Cheboygan County Zoning Commission was called to order for the purpose of deciding upon the application for a special use permit for the construction of a condominium on Burt Lake. Approximately 20 people attended the meeting, including the plaintiffs-appellants. For approxi-

mately two hours the question was freely discussed with the opportunity given to those attending to express opinions. The meeting became heated with shouting and lack of control. A recess was then called at 9:15 and the people ushered out of the room. During the recess, the commission members' discussion "touched on" some of the points which had been brought up at the open meeting. At 9:45 p.m., the meeting was reconvened. After a brief discussion, a vote was taken approving the special use permit and the meeting was adjourned. The minutes of the meeting were made available to the public on June 26, 1979. Pursuant to the original applicant's request, the commission held another meeting on July 23, 1979, again approving the disputed decision to grant the permit.

The cause of action of plaintiffs-appellants is based upon MCL 15.263(3); MSA 4.1800(13)(3):

"All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public."

The violation here is the 30 minutes' recess during which discussion admittedly continued. Under these circumstances, we do not find that the trial court erred in finding that there was no impairment of the rights of the public.

The Open Meetings Act contemplates and provides that a party may be entitled to court costs and actual attorney fees under certain specific circumstances:

"If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief *in the action,* the person shall recover

court costs and actual attorney fees for the action."
MCL 15.271(4); MSA 4.1800(21)(4). (Emphasis supplied.)

We find that plaintiffs are not entitled to court
costs and actual attorney fees under the meaning
of subsection (4) set out above because they have
not succeeded in "obtaining relief in the action".
Although there was an admitted violation of the
act by the defendants, plaintiffs withdrew their
claim for injunctive relief by stipulation prior to or
at the hearing in this matter. No court order or
judgment was entered compelling compliance, en-
joining noncompliance, or invalidating any deci-
sion of defendants. Plaintiffs' abandonment of the
invalidation action and withdrawal by stipulation
of their claim for injunctive relief obviated the
necessity for the court to make a finding and order
such relief.

Where possible, effect must be given to each
word and phrase when interpreting a statute.
*Dussia v Monroe County Employees Retirement
System,* 386 Mich 244; 191 NW2d 307 (1971). Some
meaning must be attributed to the phrase "relief
in the action". The Legislature did not use the
phrase "because of the action", nor did they sim-
ply require that a party be successful in obtaining
"relief". In choosing the words "in the action", the
Legislature intended to restrict the circumstances
under which a plaintiff would be entitled to costs
and actual attorney fees. We would require a
party seeking such relief to show more than that,
after an action was brought under the Open Meet-
ings Act, a defendant acted in a manner consistent
with plaintiff's prayer for relief.

We find that the trial court did not commit
error in finding that there was no impairment of a
public right under the facts herein. We affirm the
order denying court costs and actual attorney fees.

Affirmed.