THE DETROIT NEWS, INC v CITY OF DETROIT

Docket No. 118278. Submitted June 5, 1990, at Detroit. Decided August 23, 1990. Leave to appeal applied for.

The Detroit News, Inc., brought an action in the Wayne Circuit Court, James J. Rashid, J., against the City of Detroit alleging that certain closed sessions of the Detroit City Council were held in violation of the Open Meetings Act. The plaintiff sought disclosure of the minutes of the meetings under the Freedom of Information Act and that the city council be enjoined from conducting further closed meetings concerning the same matter, the city's acquisition of property for the Chrysler Jefferson/Connor Project. The trial court denied defendant's motion for summary disposition and determined that the meetings violated the Open Meetings Act, that the minutes of the meetings were public records subject to disclosure under the Freedom of Information Act, and that the defendant should be enjoined from holding further closed sessions on the matter. Defendant appealed.

The Court of Appeals *held:*

1. There is no merit to defendant's claim that plaintiff failed to meet its burden of proof in this matter.

2. The preliminary injunction granted in this matter was proper.

3. The trial court acted properly in conducting an in camera review of the minutes.

4. The trial court correctly determined that there was no litigation pending at the time of the closed meetings.

5. The Court of Appeals rejected defendant's argument that the oral opinions of their attorney were public records under the Freedom of Information Act and therefore could be used to authorize the holding of closed sessions under the Open Meetings Act.

6. The trial court correctly determined that the meetings were held in violation of the Open Meetings Act and that the

REFERENCES

Am Jur 2d, Municipal Corporations § 161; Records and Recording Laws §§ 46.15, 46.19.

What are "records" of agency which must be made available under state freedom of information act. 27 ALR4th 680.

minutes of the meetings were public records subject to disclosure.

Affirmed.

1. ACTIONS — FREEDOM OF INFORMATION ACT — BURDEN OF PROOF.

The burden is on the defendant to show a viable defense once a request has been made under the Freedom of Information Act and has been denied by the defendant (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

2. ACTIONS — FREEDOM OF INFORMATION ACT — AFFIRMATIVE DEFENSES — BURDEN OF PROOF.

Exemptions are affirmative defenses to requests for documents under the Freedom of Information Act; such affirmative defenses cannot succeed unless the matters upon which they rest are proved; the burden of producing evidence and establishing these facts rests upon the defendant (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

3. ACTIONS — OPEN MEETINGS ACT — INJUNCTIONS — EXEMPTIONS — BURDEN OF PROOF.

The Open Meetings Act allows an individual to commence a civil action for injunctive relief to either compel compliance with the act or enjoin further noncompliance with the act; the burden of establishing that a meeting is exempt from the act falls upon the party claiming exemption (MCL 15.271; MSA 4.1800[21]).

4. ACTIONS — OPEN MEETINGS ACT — EXCEPTIONS — JUDICIAL CONSTRUCTION.

Strict construction must be given to closed-door exceptions provided in the Open Meetings Act in order to limit the situations in which meetings are not open to the public (MCL 15.268; MSA 4.1800[18]).

5. STATUTES — FREEDOM OF INFORMATION ACT — PUBLIC RECORDS — ATTORNEY AND CLIENT — ORAL OPINIONS.

Oral opinions by legal counsel are not included within the Freedom of Information Act's definition of "public records" (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

*Butzel, Long, Gust, Klein & Van Zile* (by *Richard E. Rassel, James E. Stewart* and *Leonard M. Niehoff*), for plaintiff.

*Bell & Gardner, P.C.* (by *Samuel C. Gardner* and *Athina T. Siringas*), for defendant.

Amicus Curiae:

*Miller, Canfield, Paddock & Stone* (by *Roderick K. Daane* and *Charles A. Duerr*), for Michigan Municipal League.

Before: GRIBBS, P.J., and CAVANAGH and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff The Detroit News, Inc., filed this action pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* At issue was whether closed sessions of the Detroit City Council held on January 29, and February 3, 1988, were held in violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.,* and, if so, whether the minutes of those meetings should be released to the public. The trial court concluded that the meetings were held in violation of the OMA and that the minutes should be disclosed under the FOIA. We affirm.

The underlying facts involve defendant's acquisition of property for the Chrysler Jefferson/Connor Project. A consent final judgment detailing defendant's acquisition of fifteen acres of land with equipment and inventory for approximately $42 million was entered on January 12, 1988. The consent judgment was approved by Emmett Moten, head of the city's Department of Community and Economic Development, by Donald Pailen, Corporation Counsel for the city, by an assistant corporation counsel and by a special assistant corporation counsel. The city council, by means of a December 10, 1986, resolution, expressly authorized Mr. Moten to enter into an agreement for use and possession of the subject property and to execute that agreement and any ancillary documents on behalf of the city.

On January 28, 1988, the members of the Detroit City Council unanimously passed a resolution to close their January 29, 1988, session for the ostensible purpose of discussing settlement strategy in connection with pending litigation relative to the Chrysler Jefferson/Connor Project. Through a second resolution, the meeting was continued to February 3, 1988.

Plaintiff filed a freedom of information request for a copy of the minutes of the two closed sessions of the city council. Plaintiff's request was denied by the city and plaintiff filed the complaint in this case alleging a violation of the FOIA.

Plaintiff subsequently amended its complaint to add a count alleging violation of the Open Meetings Act. Plaintiff sought a preliminary injunction to enjoin defendant from violating the OMA, a declaratory judgment that the closed meetings of January 29, and February 3, 1988, violated the OMA, and sought to have the city produce a sealed copy of the minutes for in camera review.

Defendant filed a motion for summary disposition, arguing a lack of jurisdiction in the trial court to review the matter and claiming that plaintiff had failed to state a claim upon which relief could be granted and that there was no genuine issue of material fact. The trial court denied defendant's motion in a comprehensive written opinion. The trial court examined the consent final judgment and the minutes of the closed meetings and concluded that litigation was not pending at the time the closed sessions were held. The trial court determined that the closed city council meetings violated the OMA and that the minutes of those meetings were public records subject to disclosure under the FOIA. The trial court also enjoined further closed sessions to discuss the Chrysler Jefferson/Connor Project.

On appeal, defendant contends that the city's motion for summary disposition should have been granted because plaintiff's amended complaint did not state a cause of action and because the trial court lacked jurisdiction to invalidate the closed meetings. Defendant argues that plaintiff made no showing of irreparable injury because of the closed meetings and presented no evidence that any violation of the OMA occurred.

We note initially that there is no merit to defendant's claim that plaintiff failed to meet its burden of proof in this matter. Once a request has been made under the FOIA and denied by defendant, the burden falls upon defendant to show a viable defense. *Pennington v Washtenaw Co Sheriff,* 125 Mich App 556, 564-565; 336 NW2d 828 (1983). Exemptions are affirmative defenses to requests for documents. An affirmative defense cannot succeed unless the matters upon which it rests are proved. The burden of producing evidence and establishing these facts rests upon the defendant. *Booth Newspapers, Inc v Regents of the University of Michigan,* 93 Mich App 100, 108-109; 286 NW2d 55 (1979). Because the defendant controls the material requested, it is difficult for the plaintiff in a FOIA case to confidently assert circumstances and facts in its favor. Accordingly, the burdens of pleading and proof are allocated to rectify this disadvantage. *Id.*

We also reject defendant's claim that the preliminary injunction in this case was improper. The OMA allows an individual to commence a civil action for injunctive relief to either compel compliance with the OMA or enjoin further noncompliance with the act. MCL 15.271; MSA 4.1800(21). Because the purpose of the act is to promote openness in government, it is given a broad interpretation. *Wexford Co Prosecutor v Pranger,* 83

Mich App 197, 204; 268 NW2d 344 (1978). As defendant argues, injunctive relief involves an extraordinary remedy which is available only when justice requires, when there is not an adequate remedy at law and when there exists a real and imminent danger of irreparable injury. *Wexford Co Prosecutor, supra* at 205. However, much like an action under the FOIA, an OMA action challenging a closed-door session places the plaintiff at a distinct disadvantage in garnering factual support for its claim. With only the defendant aware of what actually occurred at a meeting, the burden of establishing that a meeting is exempt from the OMA should fall upon the party claiming exemption. We believe it is implicit in the purpose of "sunshine laws" such as the OMA that there is real and imminent danger of irreparable injury when governmental bodies act in secret.

The trial court also acted properly in conducting an in camera review of the minutes. As is often the case in FOIA matters, the affidavits filed by defendants were wholly conclusory and lacking in factual allegations of what actually occurred at the closed meetings. See *Evening News Ass'n v City of Troy,* 417 Mich 481, 515-516; 339 NW2d 421 (1983), reh den 418 Mich 1202 (1984); *Booth Newspapers,* 93 Mich App 111-112. In such cases the favored remedy is in camera review. *Evening News, supra* at 516.

Defendant also argues that the trial court should not have reviewed the minutes because it lacked jurisdiction to invalidate the city council's decision to close the meetings. The statutory limitations period in MCL 15.270(3); MSA 4.1800(20)(3) does not apply in this case since plaintiff did not seek to invalidate the actions of the city council. There is no limitations period under MCL 15.271;

MSA 4.1800(21), the section under which plaintiff sought injunctive relief.

Next, defendant argues that the minutes are exempt from disclosure because the city council closed its meetings to discuss pending litigation with its attorneys. MCL 15.268; MSA 4.1800(18) provides that a public body may meet in closed session "only for the following purposes":

> (e) To consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body.
>
> * * *
>
> (h) To consider material exempt from discussion or disclosure by state or federal statute.

A strict construction must be given to closed-door exceptions in order to limit the situations in which meetings are not opened to the public. *Booth Newspapers, Inc v Wyoming City Council,* 168 Mich App 459, 467; 425 NW2d 695 (1988).

Defendant argues that entry of the consent final judgment did not end the ligation in the Chrysler Jefferson/Connor matter. Defendant contends that the city council had not authorized the consent judgment as required by the city charter and that they had the option to move to set aside or appeal the judgment. This argument is rather disingenuous in light of the December 10, 1986, city council resolution authorizing Mr. Moten to enter into and execute this agreement. Moreover, as the trial court indicated in its well-reasoned written opinion:

> [A] review of the consent judgment indicates that the litigation was over. The consent judgment sets forth a comprehensive agreement between the

parties. It also requires additional action to be taken by both sides in that lawsuit. Among other things, it provides a mechanism for payment of funds not disputed and for the escrow of funds which may be disputed at a later date. The trial court retained jurisdiction to enforce the provisions of the judgment. However, nothing presented by the City indicates that there were any existing disputes that required returning to the Court to litigate. Further, the Minutes do not indicate that the possible future disputes were the focus of the discussion held in closed session. To the contrary, it is rather clear that the concerns center around the financial obligations required under the consent judgment and how best to meet them as well as the circumstances leading up to and surrounding entry of the consent judgment.

The fact that disputes may arise in the future does not reduce the finality of the consent judgment in terms of ending the litigation. As disputes arose and became the subject of litigation, it may have been appropriate to discuss the trial or settlement strategy of those issues.

Our review of the consent final judgment and the minutes in this case convinces us that the trial court was correct. We believe that MCL 15.268(e); MSA 4.1800(18)(e), strictly construed, only exempts from open meetings discussions of those matters in which a judgment has not yet been reached or in which a settlement agreement has not been accepted. The additional proceedings provided for in the consent final judgment here concerned execution of the judgment rather than any pending issues of liability. Nor does the city council's concern over financial obligations and the circumstances leading up to entry of the final consent judgment qualify as pending litigation under the statute. Accordingly, we conclude that the trial court correctly ruled that the January 29, and February 3, 1988, meetings were held in violation

of the OMA and that the minutes of those meetings were public records subject to disclosure.

Finally, we reject defendant's suggestion that oral opinions of an attorney are "public records" under the FOIA and, as such, could be used to authorize holding a closed session under the OMA. We are persuaded by this Court's analysis of this issue in *Booth Newspapers,* 168 Mich App 466-470, and decline to hold otherwise.

Affirmed. Remanded for proceedings consistent with this opinion.