O’Connell, J.
 

 Plaintiffs appeal as of right
 
 [1]
 
 from a final order involving plaintiffs’ request for relief under the Open Meetings Act (oma), MCL 15.261
 
 et seq.;
 
 MSA 4.1800(11)
 
 et seq.,
 
 and the Freedom of Information Act (FOIA), MCL 15.231
 
 et seq.;
 
 MSA 4.1801(1)
 
 et seq.
 
 We affirm in part, reverse in part, and remand for further proceedings.
 

 The dispute underlying this case stems from the refusal of the city council for East Tawas to approve plaintiffs’ proposed site plan for a recreational vehicle park, in response to which plaintiffs filed an action challenging that decision. While that action was pending, plaintiffs commenced the instant litigation, alleging that the city council had held a closed meeting concerning the pending litigation in violation of the OMA, and that the city clerk violated the FOIA by refusing to disclose the minutes from the closed session. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and MGR 2.116(C)(10) (failure to offer evidentiary support), asserting that neither the OMA nor the FOIA was violated. Plaintiffs opposed the motion and sought judgment in their favor pursuant to MCR 2.116(I)(2). The trial court reviewed the minutes of the closed session in camera and ordered the disclosure of a redacted version of the minutes that revealed any subject matter that exceeded the scope of the privi
 
 *247
 
 lege cited for closing the meeting while concealing the subject matter that fell within that privilege. The court denied plaintiffs’ request for damages, costs, and attorney fees.
 

 Plaintiffs argue on appeal that the city council’s decision to meet in closed session was substantively and procedurally invalid, that the minutes from that meeting are subject to disclosure in full, and that the circuit court erred in denying plaintiffs’ request for costs and attorney fees.
 
 [2]
 

 I. DISCLOSURE UNDER THE OMA AND THE FOIA
 

 Plaintiffs assert that the trial court lacked authority to redact portions of the closed-session minutes under the OMA or the FOIA, arguing that the court should have ordered full disclosure.
 
 [3]
 
 The question whether a court has the authority to order partial disclosure, through the device of redaction, of the minutes of a closed meeting for purposes of the OMA or the FOIA is one of law, calling for review de novo.
 
 *248
 

 Rapistan Corp v Michaels,
 
 203 Mich App 301, 306; 511 NW2d 918 (1994). We hold that the trial court was within its rights when it ordered the disclosure of redacted session minutes.
 

 A. REDACTION
 

 The trial court cited the foia as the basis for its decision to order partial disclosure of the minutes of the closed meeting. The foia is a manifestation of this state’s public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties. MCL 15.231(2); MSA 4.1801(1)(2). Section 13 of the act, MCL 15.243; MSA 4.1801(13), sets forth several exemptions to the duty to disclose. However, these exemptions must be construed narrowly, and the burden of proof rests with the party asserting an exemption.
 
 Bradley v Saranac Community Schools Bd of Ed,
 
 455 Mich 285, 293; 565 NW2d 650 (1997). When a public body’s statements alone are inadequate to determine, upon review de novo, if disclosure should be compelled, a trial court should examine the disputed documents in camera to resolve the question.
 
 Hyson v Dep’t of Corrections,
 
 205 Mich App 422, 424; 521 NW2d 841 (1994).
 

 Defendants argue that the minutes of the closed session are exempt from disclosure under the FOIA on the ground that the exemption under subsection 13(l)(d), MCL 15.243(l)(d); MSA 4.1801(13)(l)(d), for “[r]ecords or information specifically described and exempted from disclosure by statute” incoipo
 
 *249
 
 rates in turn the oma’s exemption set forth in its subsection 7(2), MCL 15.267(2); MSA 4.1800(17)(2):
 

 A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session.
 
 These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action
 
 .... These minutes may be destroyed 1 year and 1 day after approval of the minutes of the regular meeting at which the closed session was approved. [Emphasis added.]
 

 Resolution of this issue thus requires the interweaving of the two statutes implicated. Statutes that have a common purpose should be read to harmonize with each other in furtherance of that purpose.
 
 Jennings v Southwood,
 
 446 Mich 125, 136-137; 521 NW2d 230 (1994).
 

 Plaintiffs attacked the closed session itself as wholly improper under the OMA, a posture under which the minutes of that session would be entirely subject to disclosure as nonexempt under the OMA and the FOIA. See
 
 Detroit News, Inc v Detroit,
 
 185 Mich App 296, 303-304; 460 NW2d 312 (1990). However, the foia itself imposes a duty to segregate, to the extent practical, exempt and nonexempt material.
 
 Herald Co, Inc v Ann Arbor Public Schools,
 
 224 Mich App 266, 275; 568 NW2d 411 (1997); MCL 15.244(1); MSA 4.1801(14)(1). Accordingly, we hold that where the deliberations of a public body meeting in closed session concerned both exempt and nonexempt subject matter, a court may order disclosure of minutes
 
 *250
 
 that have been redacted to conceal the exempt subject matter.
 

 B. PURPOSE FOR THE CLOSED SESSION
 

 The purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making, and to provide a means through which the general public may better understand issues and decisions of public concern.
 
 Booth Newspapers, Inc v Univ of Michigan Bd of Regents,
 
 444 Mich 211, 223; 507 NW2d 422 (1993). In light of this purpose, the OMA should be construed broadly in favor of openness; exceptions should be construed narrowly, with the public body bearing the burden of proving the applicability of an exemption.
 
 Id.
 

 The purposes for which a public body may properly choose to meet in closed session are set forth in § 8 of the OMA, MCL 15.268; MSA 4.1800(18). The trial court recognized as partially applicable to the closed session at issue the exemption of subsection 8(e), MCL 15.268(e); MSA 4.1800(18)(e), which permits a public body to “consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation ... if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body.”
 

 There is no dispute that the closed session at issue involved discussions between East Tawas’ city council and city attorney, the latter changing roles from advocate to witness for purposes of the matter under discussion. Plaintiffs argue that because the city attorney was not expected to act as litigator in the matter at hand, he was not the city council’s attorney for purposes of holding a closed session under sub
 
 *251
 
 section 8(e). We disagree. Plaintiffs cite no authority for the proposition that a public body’s attorney for purposes of subsection 8(e) must be one actually responsible for litigating the controversy. Although the exemptions in the OMA are narrowly construed, a strict construction “does not mean a strained construction adverse to the legislative intent.”
 
 Haywood v Fowler,
 
 190 Mich App 253, 256-257; 475 NW2d 458 (1991), citing
 
 Ann Arbor v Univ Cellar, Inc,
 
 401 Mich 279, 288-289; 258 NW2d 1 (1977), modified on other grounds 402 Mich 957 (1978). We conclude that subsection 8(e) exists for the obvious purpose of allowing a public body to prepare for litigation without having to broadcast its trial or settlement strategy to the opposition along with the rest of the general public. In light of this legislative puipose, we hold that a public body’s attorney for purposes of subsection 8(e) is
 
 any
 
 attorney who, through exercise of an attorney-client relationship with the public body, helps the public body prepare for specific pending litigation. Accordingly, we reject plaintiffs’ argument that subsection 8(e) was wholly inapplicable because the city council was not meeting with “its attorney.”
 

 C. PROCEDURAL SUFFICIENCY OF THE DECISION TO GO INTO CLOSED SESSION
 

 Subsection 7(1) of the OMA, MCL 15.267(1); MSA 4.1800(17)(1), prescribing roll call votes for closed sessions, states, “The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken.” The public minutes of the meeting in dispute include no record of any such roll call vote, but parol evidence indicates that one took place. Citing this failure to comply perfectly with subsection
 
 *252
 
 7(1), plaintiffs attack the validity of the decision to hold a closed session. Plaintiffs further point out that the public minutes include no statement of a valid propose for closing the session as required by subsection 9(1) of the OMA, MSA 15.269(1); MSA 4.1800(19)(1). However, the city council duly reenacted and recorded the decision to hold the closed session pursuant to subsection 10(5), MCL 15.270(5); MSA 4.1800(20)(5), which provides that “[a] decision reenacted in this manner . . . shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment.”
 

 Plaintiffs challenge the curative effect of the reenactment on the ground that a vote to go into closed session is not a “decision” as statutorily defined. We find no merit in this argument. Subsection 2(d) of the OMA, MCL 15.262(d); MSA 4.1800(12)(d), defines “decision” as “a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.” The city council was certainly acting in furtherance of public policy by meeting with its attorney to deliberate over how best to defend its and East Tawas’ interests in the pending litigation, and by deciding to preserve the value of strategy decisions by voting to close the session. Thus, the vote to close the session was a “decision” subject to validation through reenactment under subsection 10(5).
 

 Because the city council properly reenacted its decision, that decision now stands untainted by procedural deficiency. Furthermore, deficiencies in the keeping of minutes of meetings are, in any event, not
 
 *253
 
 grounds for invalidating the actions taken. See
 
 Arnold Transit Co v City of Mackinac Island,
 
 99 Mich App 266, 275-276; 297 NW2d 904 (1980), aff’d 415 Mich 362; 329 NW2d 712 (1982).
 

 H. COSTS AND ATTORNEY FEES
 

 The FOIA establishes that where a litigant partially prevails in obtaining disclosure of public information under the statute “the court may in its discretion award reasonable attorneys’ fees, costs, and disbursements or an appropriate portion thereof.” MCL 15.240(4); MSA 4.1801(10)(4). Similarly, the OMA provides that a litigant who succeeds in obtaining relief under the act “shall recover court costs and actual attorney fees for the action.” MCL 15.271(4); MSA 4.1800(21)(4). A difference that bears on the present case is that, whereas such awards under the FOIA are discretionary, under the OMA they are mandatory. The trial court concluded that the extent of plaintiffs’ success in obtaining disclosure of public information under the FOIA warranted no costs or attorney fees, and further declined to award costs or attorney fees under the OMA on the ground that plaintiffs were not prevailing parties because the court neither granted injunctive relief under the act nor ordered future compliance with it. We find no abuse of discretion in the court’s refusal to award costs and attorney fees under the foia, but we find error in the court’s failure to do so under the OMA.
 

 The trial court’s order of partial disclosure of the minutes of the closed meeting in question necessarily included a finding of a violation of the OMA, particularly that not all of the subject matter of the closed session came under the cited statutory ground for
 
 *254
 
 closing the session. This constitutes declaratory relief under the OMA, which is sufficient to entitle plaintiffs to an award of costs and attorney fees. See
 
 Schmiedicke v Clare School Bd,
 
 228 Mich App 259, 267; 577 NW2d 706 (1998), citing
 
 Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk,
 
 139 Mich App 814, 820; 362 NW2d 871 (1984). Accordingly, we vacate the order denying costs and attorney fees and remand to the trial court for calculation of an award of costs and fees under subsection 11(4) of the OMA, MCL 15.271(4); MSA 4.1800(21)(4).
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.
 

 [1]
 

 Defendants filed a cross appeal “in order to preserve their right to argue any and all arguments presented but rejected by the circuit court,” but have chosen in their brief on appeal only to respond to plaintiffs’ issues.
 

 [2]
 

 Defendants raise the issue whether defendants John Freel, city attorney, and Blinda Baker, city clerk, should have been dismissed on the ground that they were not properly subject to the action under the OMA. Defendants further argue that even if the minutes of the closed meeting were improperly sealed, matters of attorney-client or other privilege would have nonetheless been exempt from disclosure under the foia. We decline to address these issues because defendants have not demonstrated that they were properly raised below,
 
 Peterman v Dep’t of Natural Resources,
 
 446 Mich 177, 183; 521 NW2d 499 (1994) (“absent unusual circumstances, issues not raised at trial may not be raised on appeal”), and because defendants have not sufficiently briefed them on appeal,
 
 Goolsby v Detroit,
 
 419 Mich 651, 655, n 1; 358 NW2d 856 (1984) (failure to support a position with citations to authority waives appellate consideration).
 

 [3]
 

 Plaintiffs’ appellate brief further presents argument under this issue concerning plaintiffs’ claim of entitlement to costs and attorney fees, but we disregard that argument as extraneous to the statement of the issue under which it is presented. See
 
 Meagher v McNeely & Lincoln, Inc,
 
 212 Mich App 154, 156; 536 NW2d 851 (1995).