NICHOLAS v MERIDIAN CHARTER TOWNSHIP BOARD

Docket No. 211956. Submitted November 10, 1999, at Lansing. Decided January 28, 2000, at 9:10 A.M.

Jean A. Nicholas and others brought an action in the Ingham Circuit Court against the Meridian Charter Township Board and two of the board's members, Bruce A. Little and Kirk K. Squiers, seeking declaratory, injunctive, and monetary relief as the result of alleged violations of the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* The defendants admitted that on several occasions Little attended meetings of township committees of which he was not a member, that Little participated in the discussion of matters involving township business at those committee meetings, and that as a result of Little's presence there was a quorum of the township board present at those committee meetings. The defendants admitted that a single similar situation had occurred with respect to Squiers. The defendants further admitted that while prior public notice of the committee meetings had been given, the notices had not indicated that a quorum of the township board would be present. Cross-motions for summary disposition were filed. The court, Michael G. Harrison, J., determined that, although there had been a violation of the OMA as a result of the fact that a quorum of the township board had met and had discussions of township business without giving adequate public notice that there would be a meeting of the board, the plaintiffs had failed to create a genuine issue of material fact establishing that they were entitled to invalidation of the decisions of the township board that ratified the recommendations adopted during the disputed committee meetings, that they were entitled to injunctive relief, or that the defendants intentionally violated the OMA. Accordingly, the court granted summary disposition for the defendants and held that the plaintiffs were not entitled to court costs and actual attorney fees. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court properly held that the committee meetings at which there was a quorum of the township board and at which the board members who were not committee members engaged in the discussions of the township business constituted meetings of the township board within the meaning of the OMA. The court also

properly held that the public notices of the committee meetings that made no mention of even the possibility that there might be a quorum of the township board present did not satisfy the notice requirement of the OMA with respect to a committee meeting at which a quorum of the township board was present and participating. Accordingly, the court properly held that there had been violations of the provisions of the OMA.

2. A party who seeks the invalidation of a decision of a public body on the basis of a violation of the OMA must allege both a violation of the OMA and that the violation of the OMA impaired the rights of the public. The plaintiffs' mere recital that the rights of the public were impaired is insufficient, and the record fails to reveal how any rights of the public were impaired. Accordingly, the trial court did not abuse its discretion in refusing to invalidate the decisions of the township board that ratified the recommendations adopted by the committees at the meetings at which a quorum of the township board had participated in violation of the OMA.

3. Injunctive relief is extraordinary relief that issues only when justice requires, there is no adequate relief at law, and there exists a real and imminent danger of irreparable injury. The public notices being given with respect to the meetings of the various committees now note that there may be a quorum of the township board in attendance and that the board may act on the matters on the committee's agenda. Because the notice being used is adequate to inform the public of the potential that the committee meeting may include deliberations and decisions by the township board, the trial court did not abuse its discretion in refusing to grant injunctive relief, there being no basis to believe that the defendants will deliberately fail to comply with the provisions of the OMA in the future.

5. Although the trial court did not grant the plaintiffs their requested relief of invalidation of the township board's decisions ratifying the matters discussed at the disputed meetings or their requested injunctive relief, the court's determination that the committee meetings at which a quorum of the township board was in attendance and participating violated the OMA constituted the granting of declaratory relief for the plaintiffs. Accordingly, the plaintiffs succeeded in obtaining relief in their action and were entitled to recover costs and actual attorney fees pursuant to subsection 4 of § 11 of the OMA, MCL 15.271(4); MSA 4.1800(21)(4).

Affirmed in part, reversed in part, and remanded.

STATUTES — OPEN MEETINGS ACT — NOTICE — INJUNCTIONS — DECLARATORY JUDGMENTS — COSTS — ATTORNEY FEES.

*Brookover & Fleischmann, P.C.* (by *George M. Brookover* and *Diane S. Carr*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross* and *David K. Otis*), for the defendants.

Before: SAWYER, P.J., and HOOD and FITZGERALD, JJ.

PER CURIAM. Plaintiffs appeal by right from an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) on the basis of a determination that, although defendants had violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*, plaintiffs failed to create any genuine issue of material fact establishing (1) that they were entitled to invalidation of the disputed decisions, (2) that they were entitled to injunctive relief, or (3) that defendants intentionally violated the OMA. We affirm in part, reverse in part, and remand.

Defendants have made several pertinent factual admissions in this case. The following facts are undisputed. Pursuant to MCL 42.7(5); MSA 5.46(7)(5), four members of the township board constitute a quorum for purposes of conducting township business. On December 6, 1996, the planning and development committee met with prior public notice. A quorum of township board members was present at this meeting. Township board member Bruce A. Little participated in the discussion at this meeting even though he was not a member of the planning and development committee.

On January 13, 1997, the personnel committee met with prior public notice. A quorum of township board members was present at this meeting where matters of public policy were discussed. Although not a mem-

ber of this committee, Little joined in the discussion but did not vote on any business before the committee.

The public safety committee met on January 15, 1997, with a quorum of the township board being present. Prior notice of this meeting was provided to the public. Township business and matters of public policy were discussed at this meeting with Little, who was not a committee member, participating in the discussions.

On January 31, 1997, a meeting of the planning and development committee was held with a quorum of township board members being present; prior public notice of this meeting had been provided. Matters of public policy were discussed. At this meeting, Little again participated in the discussions before this committee even though not a committee member.

A meeting of the personnel committee was held on February 18, 1997, with a quorum of the township board being present. Although not members of the committee, Little and Kirk K. Squiers, another member of the township board, participated in the discussion of township business.

Defendants have admitted that all the subject committee meetings constituted meetings of a "public body at which public policy was discussed and in which deliberations were made." Defendants also admitted that none of the notices regarding these meetings indicated that a quorum of the township board would be present.

Plaintiffs first argue that the trial court's grant of summary disposition for defendants was in contradiction to its ruling that defendants violated the OMA and

that plaintiffs were therefore entitled to relief under the statute. We disagree.

MCL 15.262; MSA 4.1800(12) defines certain terms with regard to application of the OMA and states, in pertinent part:

(a) "Public body" means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function . . . .

(b) "Meeting" means the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy.

\*     \*     \*

(d) "Decision" means a determination, action, vote or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.

MCL 15.263; MSA 4.1800(13) provides, in pertinent part:

(1) All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act . . . . The exercise of this right shall not be dependent upon the prior approval of the public body. However, a public body may establish reasonable rules and regulations in order to minimize the possibility of disrupting the meeting.

(2) All decisions of a public body shall be made at a meeting open to the public.

> (3) All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public . . . .[1]

Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of the OMA. MCL 15.270(1); MSA 4.1800(20)(1).

MCL 15.265; MSA 4.1800(15) provides, in pertinent part:

> (1) A meeting of a public body shall not be held unless public notice is given as provided in this section by a person designated by the public body.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins . Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). The Legislature is presumed to have intended the meaning it plainly expressed. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). Where the language of a statute is clear and unambiguous, judicial construction is generally neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). Courts may not speculate concerning the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11

---

[1] The OMA provides for certain exceptions to the requirement that the deliberations of a public body be conducted at a public meeting, none of which are applicable in this case. See MCL 15.263(7)-(11); MSA 4.1800(13)(7)-(11), MCL 15.267; MSA 4.1800(17), and MCL 15.268; MSA 4.1800(18).

(1995). Statutory interpretation is a question of law that we review de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

When a quorum of the members of a public body meet to consider and discuss public business, it is a "meeting" under MCL 15.262(a); MSA 4.1800(12)(a). See OAG, 1989-90, No 6636, p 253 (October 23, 1989). Meetings with a quorum present held to deliberate a public question must be held at a public meeting. Thus, if members of a public body gather, a quorum being present, for the purpose of deliberating, the meeting is subject to the provisions of the OMA even if there is no intention that the deliberations will lead to the rendering of a decision on that occasion. *Id.*

In the present case, the parties do not dispute that each of the subject committee meetings at which a quorum of the township board was present was a meeting of a "public body" and involved deliberations regarding public policy.[2] These meetings were therefore subject to the OMA. MCL 15.262; MSA 4.1800(12). It was incumbent that proper notice be provided with regard to each of these meetings. MCL 15.263; MSA 4.1800(13), MCL 15.265; MSA 4.1800(15).

OAG, No 6636, *supra* at 878, concerned a meeting of a county planning commission committee that consisted of more than fifty members, two of whom were

---

[2] We recognize that a similar issue was addressed by this Court in *Ryant v Cleveland Twp*, 239 Mich App 430; 608 NW2d 101 (2000). *Ryant*, however, is distinguishable from the case at bar. *Ryant* found no violation of the OMA because the other township board members did not participate in the planning commission's debate. *Id.* at 435-436. However, in the case at bar, there is no dispute that township board members who were not members of the committee did engage in the deliberative process contemplated by the OMA. See also OAG, No 6636, *supra* at 878.

members of the county board of commissioners. The question presented was whether, if additional members of the board attended a public meeting of the planning commission committee so as to constitute a quorum of the board, must the meeting be posted as a meeting of the board. *Id.* The Attorney General opined that as long as the nonmember commissioners did not engage in deliberations or render decisions, the meeting need not be posted as a meeting of the board of commissioners. *Id.*

While OAG, No 6636, *supra*, is not controlling, we are persuaded by its reasoning. We, therefore, conclude that defendants were obliged to inform the public that the business to be undertaken would actually be considered by the township board rather than the particular committee actually specified on the notice. Because the notices failed to do so, the trial court properly found that defendants had violated the OMA. However, our review of the record shows that, despite defendants' failure to provide proper notice, there was substantial compliance with the OMA notice requirements. Everything that was the subject of plaintiffs' complaint occurred during the course of a meeting properly noticed and open to the public. Nothing that took place was secreted or otherwise unknown to the public. Thus, the purpose of the OMA was essentially and realistically fulfilled. *Arnold Transit Co v City of Mackinac Island,* 99 Mich App 266, 275; 297 NW2d 904 (1980).

A party seeking an invalidation of a decision by a public body pursuant to MCL 15.270(2); MSA 4.1800(20)(2) must allege both a violation of the act and that this violation impaired the rights of the public. *Esperance v Chesterfield Twp,* 89 Mich App 456,

464; 280 NW2d 559 (1979). The mere recital of the language that the rights of the public were impaired is insufficient to support a request for invalidation. *Cape v Howell Bd of Ed*, 145 Mich App 459, 467; 378 NW2d 506 (1985). We review a trial court's decision whether to invalidate a decision made in violation of the OMA for abuse of discretion. *Esperance, supra* at 464.

Plaintiffs' complaint contained bare allegations that the "rights of the public" were impaired by defendants' actions. Plaintiffs' mere recital that the rights of the public were impaired is insufficient. *Cape, supra* at 467. Our review of the record fails to reveal how those rights were impaired. There is no dispute that the committee meetings were noticed to the public. Moreover, the record demonstrates that members of the public were present at all but one of the committee meetings. Thus, we conclude that the trial court did not abuse its discretion in refusing to invalidate the subsequent decisions by the township board at a properly noticed meeting that ratified the recommendations of the committees adopted at the meetings held in violation of the OMA.

Section 11 of the OMA, MCL 15.271; MSA 4.1800(11), further provides in pertinent part for injunctive relief:

> (1) If a public body is not complying with this act, . . . a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act.

Merely because a violation of the OMA has occurred does not automatically mean that an injunction must issue restraining the public body from using the violative procedure in the future. *Esperance, supra.* Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no ade-

quate remedy at law, and there exists a real and imminent danger of irreparable injury. *Wilkins v Gagliardi*, 219 Mich App 260, 276; 556 NW2d 171 (1996). We review a trial court's decision for an abuse of discretion in granting or denying injunctive relief. *Holly Twp v Holly Disposal, Inc*, 440 Mich 891; 487 NW2d 753 (1992).

In *Wilkins, supra* at 276, a panel of this Court concluded that where the OMA problems have been addressed and no similar incidents have occurred, it could be concluded that no real and imminent danger existed and that it was appropriate to refrain from imposing a permanent injunction. Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted. *Schmiedicke v Clare School Bd*, 228 Mich App 259, 267; 577 NW2d 706 (1998).

We conclude that the amended notice provision employed by defendants adequately informed the public of the potential for deliberations and decision making by the township board at a noticed committee meeting. Defendants' amended notice provision substantially complies with the notice requirements of the OMA, and the purpose of the statute is essentially and realistically fulfilled. *Arnold Transit Co, supra* at 275. Plaintiffs next argue that they were entitled to their actual costs and attorney fees because the trial court found that defendants had violated the OMA. We agree.

Pursuant to subsection 11(4) of the OMA, MCL 15.271(4); MSA 4.1800(21)(4):

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further

noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover costs and actual attorney fees in the action.

Here, the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit. See, e.g., *Schmiedicke, supra* at 266-267 (legal remedy of declaratory relief is adequate to support award of attorney fees and costs); *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981) (the plaintiff received the relief sought when the trial court agreed with the plaintiff's position that the defendant violated the OMA, even though the court declined to grant an injunction because of the defendant's promise to comply); *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk*, 139 Mich App 814; 362 NW2d 871 (1984) (a plaintiff who prevails against a public body in an action alleging a violation of the OMA may recover actual attorney fees and costs even though intervening circumstances have made superfluous an award of the injunctive relief sought by the plaintiff).

Plaintiffs rely on *Manning v East Tawas*, 234 Mich App 244; 593 NW2d 649 (1999). In *Manning*, the defendant city council held a closed session to discuss with the city attorney a prior action by the plaintiffs challenging the council's refusal to approve the plaintiffs' proposed site plan for a recreational vehicle park. The plaintiffs alleged that the closed session violated the OMA and that the city clerk had violated the Freedom of Information Act (FOIA), MCL 15.231 *et*

*seq.*; MSA 4.1801(1) *et seq.*, by refusing to disclose the minutes of that closed session. *Id.* at 246. The trial court recognized as partially applicable to the closed session at issue the exemption of subsection 8(e) of the OMA, MCL 15.268(e); MSA 4.1800(18)(e). However, the trial court ordered partial disclosure of the minutes of the session under the FOIA. *Id.* at 246-247.

With regard to attorney fees and costs, this Court stated:

> The trial court's order of partial disclosure of the minutes of the closed meeting in question necessarily included a *finding of a violation of the* OMA, particularly that not all of the subject matter of the closed session came under the cited statutory ground for closing the session. *This constitutes declaratory relief under the* OMA, which is sufficient to entitle plaintiffs to an award of costs and attorney fees. [*Id.* at 253-254 (emphasis added).]

Thus, *Manning* is in harmony with the cases cited above that hold that a trial court's finding that a violation of the OMA has occurred constitutes declaratory relief that is adequate to justify an award of attorney fees and costs.[3] Accordingly, we reverse that part of

---

[3] In *Felice v Cheboygan Co Zoning Comm*, 103 Mich App 742, 746; 304 NW2d 1 (1981), a case on which defendants rely, the Court held that the plaintiffs were not entitled to attorney fees and costs because they did not obtain "relief in the action." However, *Felice* is factually distinguishable. In *Felice*, the plaintiff filed suit seeking injunctive relief and invalidation of a decision to issue a special use permit made by the defendant in a closed session. After plaintiff filed suit, defendants held a second meeting in conformity with the OMA in which the same special use permit was reenacted. At a hearing, defense counsel admitted that the first meeting was not in compliance with the OMA. *Id.* at 743-744. The parties subsequently stipulated the withdrawal of the claim for injunctive relief, and the plaintiffs abandoned their claim seeking invalidation of any decisions. *Id.* at 746. This Court held that the acts of the parties following the institution of the action obviated the necessity for the trial court to order invalidation of the commission's decision or injunctive relief and that, therefore,

the order denying costs and attorney fees and remand to the trial court for calculation of an award of costs and actual attorney fees under subsection 11(4) of the OMA.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

---

plaintiffs did not obtain "relief in the action" within the meaning of the OMA. *Id.* In the present case, the plaintiffs sought a declaratory ruling that defendants violated the OMA, and the trial court so declared. As noted above, declaratory relief is sufficient relief to mandate an award of costs and actual attorney fees.