*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMBER REDMAN,

      Plaintiff-Appellant,

v

GRAND LEDGE PUBLIC SCHOOLS, GRAND
LEDGE PUBLIC SCHOOLS BOARD OF
EDUCATION, SARA CLARK PIERSON, JARROD
SMITH, NICOLE SHANNON, JON SHIFLETT,
DENISE DUFORT, PATRICK MCKENNON, and
BEN CWAYNA,

      Defendants-Appellees.

UNPUBLISHED
October 6, 2022

No. 359386
Eaton Circuit Court
LC No. 21-000781-CZ

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

In this dispute involving the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiff, Amber Redman, appeals by right the trial court's order granting summary disposition in favor of defendants, Grand Ledge Public Schools, Grand Ledge Public Schools Board of Education (the Board), and individual board members, under MCR 2.116(C)(8) and (C)(10). We affirm.

## I. BACKGROUND

Many facts are not in dispute. On June 28, 2021, defendants conducted a regular board meeting. At this meeting, defendants set out a "Public Comment Form" (the form) for those attending the meeting to fill out if they wanted to make a public comment. The form provided that, in order to address the Board, an attendee should list their name, address, the topic to be discussed, and whether their remarks would relate to "Agenda" or "Non-Agenda" matters. The June 28 meeting was the first meeting that plaintiff was aware of in which this form was used. The forms used previously, set forth in "Policy 206", permitted attendees to address the Board if they identified themselves by their name and "jurisdiction" only. Plaintiff alleged that, at the June 28 meeting, the Board secretary informed her that unless the form was filled out in its entirety, citizens

-1-

would not be able to address the Board. Plaintiff filled out the form, albeit incompletely, and addressed the Board. Defendants utilized the same form at subsequent meetings.

In her one-count complaint, plaintiff alleged that defendants violated the OMA by requiring attendees to fill out the new form, which requested information beyond the attendee's name and jurisdiction as set forth in Policy 206. Plaintiff maintained that the Board failed to establish and record these new changes pursuant to MCL 15.263(5). Plaintiff sought injunctive relief to enjoin defendants from further OMA violations and requested that defendants be fined for each violation. Defendants subsequently filed their motion for summary disposition, arguing that the form was a mere procedural tool to help keep meetings orderly. They further maintained that the revised form did not need to be added to Policy 206 prior to usage. Defendants submitted an affidavit from defendant Sara Clark Pierson, Board president, in which she explained that the form was adopted in order to prevent disruptions and allow attendees to address the Board in a more orderly fashion. Plaintiff countered that new rules for addressing the Board could only be implemented once they were "established and recorded" as required by MCL 15.263(5), which plaintiff contended had not occurred. According to plaintiff, the only requirements that had been established and recorded at the time of the June 28 meeting were for attendees to provide their name and jurisdiction if they wished to speak during public comments. Therefore, plaintiff argued that the form, with its additional requirements, violated the OMA. Several days prior to the hearing on defendants' motion, defendants formally approved the additional requirements contained in the form and added them to Policy 206.

The trial court granted defendants' motion under both MCR 2.116(C)(8) and (10). The trial court reasoned that the form was a mere procedural tool used to maintain more orderly meetings, which complied with Policy 206 and MCL 15.263(5). Furthermore, the trial court reasoned that the form was a "reasonable rule or regulation" established by defendants under MCL 15.263(1) to avoid disruptions at meetings. The trial court referenced Pierson's affidavit and the events leading up to the use of the form. Plaintiff now appeals.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the claim on the basis of the pleadings alone" and is properly granted when the opposing party fails to state a claim upon which relief can be granted. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). When reviewing the motion, the trial "court must accept as true all factual allegations contained in the complaint." *Id*. The trial court must grant the motion "if no factual development could justify the plaintiff's claim for relief." *Id*. (quotation marks and citation omitted).

A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. "[A] court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine

whether a genuine issue of material fact exists." *Id*. at 415-416. "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 416. "We review a trial court's decision concerning a preliminary injunction for an abuse of discretion." *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 705; 967 NW2d 890 (2021).

## B. OPEN MEETINGS ACT

Defendants argue that plaintiff's appeal is moot because any violations of the OMA were remedied by amending Policy 206 to include the complained of additional requirements. We agree in part.

This Court will generally not decide the merits of a case involving moot issues. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Id*. at 314. "A case that does not rest upon existing facts or rights and presents nothing but abstract questions of law is moot." *Id*. at 314-315. A party may seek three kinds of relief for purposes of OMA. A party may "(1) seek to compel compliance with OMA or enjoin further noncompliance; (2) seek actual and exemplary damages against a public official for intentional violations of OMA; or (3) seek to have the decision of a public body invalidated on the grounds that it was not made in conformity with OMA." *Lockwood v Ellington Twp*, 323 Mich App 392, 402; 917 NW2d 413 (2018) (citations omitted).

Plaintiff sought injunctive relief in order to enjoin defendants from violating MCL 15.263(5), which provides:

> A person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only.

Plaintiff's action rested on the premise that the additional information required in the form had not been "established or recorded." However, after the June 28, 2021 board meeting, defendants formally approved the use of the form by explicitly adding these requirements to Policy 206. This Court has previously stated:

> [W]here the OMA problems have been addressed and no similar incidents have occurred, it could be concluded that no real and imminent danger existed and that it was appropriate to refrain from imposing a permanent injunction. Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted. [*Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 534; 609 NW2d 574 (2000), overruled on other grounds by *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014).]

Therefore, adding the form requirements to Policy 206 addressed any potential violation alleged by plaintiff and barred injunctive relief. Accordingly, this issue is moot as it relates to injunctive relief.

Plaintiff's complaint also requested that the trial court fine defendants for their past violations of the OMA. MCL 15.272 provides that an intentional violation of the OMA results in a fine up to $1,000.00. We discern no violation of the OMA.

"When interpreting a statute, [this Court] must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). If a statute is unambiguous, it must be applied as plainly written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). This Court may not read something into an unambiguous statute "that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*. (quotation marks and citation omitted).

"The purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making, and to provide a means through which the general public may better understand issues and decisions of public concern." *Lysogorski v Bridgeport Charter Twp*, 256 Mich App 297, 301; 662 NW2d 108 (2003) (quotation marks and citation omitted). MCL 15.263 provides in relevant part:

> (1) All meetings of a public body must be open to the public and must be held in a place available to the general public. All persons must be permitted to attend any meeting except as otherwise provided in this act. The right of a person to attend a meeting of a public body includes the right to tape-record, to videotape, to broadcast live on radio, and to telecast live on television the proceedings of a public body at a public meeting. The exercise of this right does not depend on the prior approval of the public body. However, a public body may establish reasonable rules and regulations in order to minimize the possibility of disrupting the meeting. . . .
>
> * * *
>
> (5) A person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only.

This Court has stated that "[i]t is clear from reading this provision in its entirety that the Legislature intended to grant public bodies the authority to establish and enforce rules regarding public comment, as well as the ability to establish and enforce similar rules during hearings and committee reports." *Lysogorski*, 256 Mich App at 301.

The parties dispute the meaning of the words "established" and "recorded" for purposes of MCL 15.263(5). The two words are not defined in the OMA. In such instances, this Court may consult a dictionary. *In re Casey Estate*, 306 Mich App 252, 260 n 3; 856 NW2d 556 (2014). "Establish" has been defined as "[t]o make or form; to bring about or into existence," and "record" may be defined as "[i]nformation that is inscribed on a tangible medium or that, having been stored

-4-

in an electronic or other medium, is retrievable in perceivable form." *Black's Law Dictionary* (11th ed).

At the June 28 meeting, defendants placed a written sign at the entrance providing that attendees should fill out the form if they desired to address the Board. Use of the form was adopted in response to events from prior meetings in which large numbers of people attended and desired to address the Board. We agree with the trial court and defendants that the form met the requirements of the OMA. The form was brought "into existence" by defendants and "inscribed on a tangible medium," i.e., a written sign at the entrance. Notably, plaintiff was not prevented from attending or speaking, and, similarly, plaintiff's three affiants were not prevented from attending or speaking. This comports with the purpose of the OMA to allow public access. See *Lysogorski*, 256 Mich App at 301-302. Although the affiants and plaintiff asserted that they were uncomfortable filling out the form, this does not equate to a violation of the OMA.

Accordingly, there was no genuine issue of material fact, and summary disposition was proper under MCR 2.116(C)(10). As provided by MCR 2.116(G)(4),

> [w]hen a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

The form was established and recorded for purposes of MCL 15.263(5), and it was a reasonable rule to minimize the possibility of disruption for purposes of MCL 15.263(1). Pierson's affidavit, which discussed the harassment, disruptions, and other events, was not rebutted or disputed by plaintiff with any evidence. See MCR 2.116(G)(4). Requiring attendees to fill out the form in order to speak was a reasonable method of maintaining an orderly meeting. With no violation, plaintiff was not entitled to have defendants fined, and judgment as a matter of law was appropriate.

## C. AFFIDAVITS

We also reject plaintiff's argument that the trial court failed to consider her affidavits.

MCR 2.116(G)(5) provides that "[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10)." There is no indication that the trial court failed to consider the affidavits submitted by plaintiff. In fact, the record shows the opposite. Although defendants contended that the affidavits should not be considered, the trial court did not express agreement. Rather, the trial court expressly stated that it had "read the affidavits *in reaching a decision*," which demonstrates that the trial court both read *and* considered the affidavits.

We similarly reject plaintiff's contention that the trial court improperly relied on Pierson's version of facts discussed in her affidavit.

Pierson's affidavit addressed the events leading up to the June 28 meeting, which prompted defendants to adopt the use of the form. Plaintiff did not advance any evidence to rebut these facts. Plaintiff's three affiants merely addressed the use of the form and that they each felt fearful or intimidated by filling out the form. They did not address the events leading up to the June 28 meeting or use of the form. As previously discussed, when the moving party puts forth documentary evidence, such as an affidavit, the nonmoving party may not rely on mere allegations. MCR 2.116(G)(4). By failing to submit her own documentary evidence rebutting Pierson's version of events, plaintiff failed to establish a genuine issue of material fact and, for purposes of summary disposition, conceded to this version of events. Therefore, the trial court did not err by accepting the events discussed in Pierson's affidavit.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick