LYSOGORSKI v BRIDGEPORT CHARTER TOWNSHIP

Docket No. 237229. Submitted April 9, 2003, at Lansing. Decided April 15, 2003, at 9:05 A.M.

Edward P. Lysogorski brought an action in Saginaw Circuit Court against the Charter Township of Bridgeport, alleging that the township board violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*, when the board denied the plaintiff an opportunity to address it at a regular board meeting after the time reserved for public comments had expired. Donald R. Gardner, the township supervisor, intervened as a party defendant and moved for summary disposition. The court, Robert L. Kaczmarek, J., granted summary disposition in favor of the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not improperly weigh the evidence or make factual findings regarding the motion for summary disposition. The plaintiff's argument that the board's agenda failed to sufficiently apprise him of the precise matter the board planned to discuss is unsupported by case law or statutory authority. Moreover, the board's agenda provided the information required by the OMA, MCL 15.264, and there is no dispute that the plaintiff received an agenda before the meeting, and thus had advance notice of the items to be discussed.

2. The plaintiff's argument that only the Legislature may limit the public's right to address a public body fails under the plain language of the OMA, MCL 15.263(5), which specifically authorizes public bodies to establish and enforce rules regarding public comment. For similar reasons and pursuant to persuasive authority, the township's rule limiting public comments to a prescribed time near the beginning of the meeting does not violate the purpose of the OMA.

Affirmed.

STATUTES — OPEN MEETINGS ACT — PUBLIC COMMENT — LIMITATIONS.

The Open Meetings Act specifically authorizes public bodies to establish and enforce rules regarding public comment, including when public comments shall be heard during a meeting of a public body (MCL 15.263[5]).

**Edward P. Lysogorski** in propria persona.

*Jensen, Gilbert, Smith & Borello, P.C.* (by *Peter C. Jensen*), for Donald R. Gardner.

Before: TALBOT, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J. Plaintiff Edward P. Lysogorski appeals as of right from an order granting summary disposition to defendants Charter Township of Bridgeport and Donald R. Gardner under MCR 2.116(C)(10) in this suit brought under the Open Meetings Act (OMA), MCL 15.261 *et seq.* We affirm.

Plaintiff commenced this suit alleging that defendant Charter Township of Bridgeport's board violated the OMA by denying plaintiff's requests to address the board at a regular board meeting after the time reserved for public comments had expired. Bridgeport based its denial on rules it had established that limited the public's right to address the board to a specified time during its regular meetings. Donald R. Gardner, Bridgeport township supervisor, intervened as a party defendant and moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court granted Gardner's motion pursuant to MCR 2.116(C)(10), holding that there was no violation of the OMA.

Plaintiff first contends the trial court erred by weighing the evidence and making factual findings with respect to Gardner's motion for summary disposition. We disagree.

We review the grant or denial of a motion for summary disposition de novo. *Groncki v Detroit Edison Co,* 453 Mich 644, 649; 557 NW2d 289 (1999). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, and the court considers the affidavits, pleadings, depositions, admissions, and

other evidence in a light most favorable to the non-moving party. MCR 2.116(G)(5). The entire lower-court record must be reviewed, and if the evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). As plaintiff notes, "a court may not weigh the evidence before it or make findings of fact; *if the evidence before it is conflicting*, summary disposition is improper." *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 436; 566 NW2d 661 (1997) (emphasis added). However, our review of the trial court's opinion reveals that the trial court did not improperly weigh evidence or make findings of fact.

The parties do not dispute that plaintiff received an agenda sometime before the start of the regular meeting. Plaintiff's argument concerns the sufficiency of the agenda. He contends that he was unable to determine from the agenda the precise matter that the board planned to discuss. However, plaintiff has provided no case law or statutory authority requiring that a public notice contain a particular degree of detail.

When a public body meets, it is required to give public notice. MCL 15.265(1). An agenda format is not required. Under MCL 15.264, the public notice must contain the public body's name, address, and telephone number, and it must be posted at its principal office and other appropriate locations. Bridgeport's agenda contained the necessary information, and the parties agree that it was properly published. Thus, because there is no factual dispute that plaintiff received an advance copy of the agenda outlining issues to be discussed, Bridgeport satisfied the public-notice requirement under MCL 15.264. Therefore,

the trial court did not err by finding that plaintiff had advance notice of the items to be discussed at the regular meeting.

Plaintiff next contends that under the OMA, the authority to limit the public's right to address a public body is expressly reserved for the Legislature. We disagree.

Statutory interpretation is a question of law and is reviewed de novo on appeal. *Oakland Co Bd of Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998). When the judiciary interprets statutes, its primary goal is to determine and give meaning to the Legislature's intent. *Frankenmuth Mut Ins v Marlett Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1988). The first step in determining the Legislature's intent is to consider the statutory language. *In re MCI Telecom Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999), citing *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). When interpreting a statute, the court must "give effect to every clause and sentence . . . [and] take care to avoid a construction that renders any part of the statute surplusage or nugatory." *Pohutski v Allen Park,* 465 Mich 675, 683-684; 641 NW2d 219 (2002) (citations omitted).

The OMA states that

[a] person shall be permitted to address a meeting of a public body under rules established and recorded by the public body. *The legislature or a house of the legislature* may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only. [MCL 15.263(5) (emphasis added).]

Plaintiff's argument errs in failing to consider the first sentence of this provision, which states that "[a] person shall be permitted to address a meeting of a public body under rules established and recorded by the public body." It is clear from reading this provision in its entirety that the Legislature intended to grant public bodies the authority to establish and enforce rules regarding public comment, as well as the ability to establish and enforce similar rules during hearings and committee reports.

Plaintiff next argues that Bridgeport's rule limiting public comments to a prescribed time near the beginning of the meeting violates the purpose of the OMA. "The purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making, and to provide a means through which the general public may better understand issues and decisions of public concern." *Manning v East Tawas*, 234 Mich App 244, 250; 593 NW2d 649 (1999).

Although there is no case law directly on point, several opinions of the Attorney General have addressed this issue. Although Attorney General opinions are not binding on this Court, they can be persuasive authority. *Williams v Rochester Hills*, 243 Mich App 539, 557; 625 NW2d 64 (2000), citing *Frey v Dep't of Mgt & Budget*, 429 Mich 315, 338; 414 NW2d 873 (1987), and *Indenbaum v Michigan Bd of Medicine*, 213 Mich App 263, 274; 539 NW2d 574 (1995).

The Attorney General has succinctly explained that

[u]sually the public's right to attend a meeting of a public body is limited to the right to observe and hear the proceedings so that they may be informed of the manner in

which decisions affecting them as citizens are made. For this reason, in granting to the public an additional right to address the public body, the legislature made this right "subject to rules established and recorded by the public body." [OAG, 1977-1978, No 5332, pp 536, 538 (July 13, 1978), quoting MCL 15.263(5).]

Regarding the public's right to address, the Attorney General has opined that

[t]he procedural matters which may be established and limited by rule are: control over the length of time that a person may address a public meeting, *designation of the time for public participation during a certain part of the agenda,* and requirement that speaker identify himself or herself prior to speaking. [OAG, 1977-1978, No 5218, pp 224, 225 (September 13, 1977) (emphasis added).]

Finally, the Attorney General has found that it is "clear that under the Open Meetings Act, § 3(5), *supra,* in the absence of a statutory directive to the contrary, a public body in its discretion may determine through reasonable rules whether the public shall address the public body at the beginning, middle, or end of its meeting." OAG, 1979-1980, No 5716, pp 812, 814 (June 4, 1980).

Thus, because we have found no "statutory directive to the contrary," Bridgeport's rule limiting public comment to a prescribed time near the beginning of the meeting was compatible with the purposes of the OMA. See *id.*

Affirmed.