STATE OF MICHIGAN
COURT OF APPEALS

BRAD LEE TUBBS,

Plaintiff-Appellant,

v

LAPEER COUNTY ROAD COMMISSION,

Defendant-Appellee.

UNPUBLISHED
November 28, 2017

No. 333623
Lapeer Circuit Court
LC No. 15-048758-AW

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendant under MCR 2.116(C)(10) in this action seeking an injunction and writ of mandamus. We affirm.

Plaintiff argues that the trial court erred by concluding that no genuine issue of material fact existed regarding whether plaintiff's driveway was in existence on August 6, 1969, and that the driveway was thus subject to certain regulations. See MCL 247.327 ("[t]his act does not apply to a driveway in existence on August 6, 1969"). Plaintiff argues that an aerial photograph, a buried gate, plaintiff's deposition, and affidavits created a question of material fact regarding whether the driveway was in existence in 1969.

We review de novo a trial court's decision granting or denying summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169; 173; 821 NW2d 520 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

MCL 247.327 states, in relevant part:

This act does not apply to a driveway in existence on August 6, 1969, except that if the use of the land served by the driveway is changed or expanded, and the

-1-

change or expansion causes the existing driveway to be a safety hazard, the driveway shall be considered a new driveway subject to this act.

MCL 247.321 defines a "driveway," in relevant part, as "a driveway, lane, road or any other way providing vehicular access to or from the highway from or to property adjoining the highway . . . ."

Reasonable minds could not differ regarding whether the driveway existed in 1969. The strongest evidence plaintiff provided was the aerial photograph from 1964, which shows a line running east to west off Hasler Lake Road, just north of a y-shaped driveway that serviced an old farmhouse and that is not at issue in the present appeal. There is no evidence that this line is actually a driveway under the meaning of the statute; further, there is no evidence that, if it was a driveway, it existed in 1969, five years later.

Plaintiff testified that he used the purported driveway in the mid-1970s when he worked for the original landowner, Bell Robinson, and that the road contained ruts, indicating that it had been used earlier. However, this does not indicate whether the driveway existed *in 1969*. Plaintiff's sister-in-law, Diana Gardner, averred that "[m]any times since 1993 onward I have seen people ride horses, drive snowmobiles and drive ATV's through the opening" at the location. Again, this is not relevant regarding whether the purported driveway was travelled on, as required under the statute, in 1969. Plaintiff also provided a photograph of a gate, which is buried in the ground, at that location. However, the photograph of the gate is not purported to have been taken before or on August 6, 1969. Plaintiff claims that, because a Boy Scout camp existed beyond the area in question, and it would have been unlikely that Robinson would have wanted the Boy Scout traffic to use the y-shaped driveway next to his farmhouse, the existence of the driveway in question should be inferred. Plaintiff testified that he learned of the Boy Scout camp by talking to Robinson before he passed away and "from actually going back to the lake and seeing the old existing camp when I was out there." Plaintiff's argument amounts to speculation;[1] there is no competent evidence in the record that indicates that the Boy Scout camp was in existence on August 6, 1969, and that the Boy Scouts used this alleged driveway as a means of ingress or egress.

In contrast to plaintiff's claim, defendant argues that the line on the aerial photograph could represent something other than a road, like vegetation or a property line. Defendant presented several affidavits to prove that the purported driveway did not exist at the relevant time. Neighbors Ila Gleason and Robert Gleason averred that "no driveway existed at the location" since at least 1969.[2] They averred that the location was only used when utility trucks worked on power lines in 2000 and when plaintiff began using it as a driveway after 2000. Neighbors Helen Rhodes, Clifford Rhodes, David Rhodes, and Mark Rhodes averred that no driveway existed in 1969. Helen and Clifford stated that there was no driveway "from 1956 on,"

---

[1] We note that plaintiff's testimony that Robinson told him that people did not always use the driveway past the farmhouse and sometimes used the proposed driveway is hearsay.

[2] Ila, in fact, stated that "no driveway existed at the location since 1952 . . . ."

but failed to acknowledge the utility company's usage and plaintiff's creation and use of the driveway in 2000. Mark and David also did not acknowledge the driveway's presence in 2000, seeing as they stated that a driveway did not exist at the location "before or after" 1969.

Plaintiff argues that defendant's affiants contradicted each other and should not be considered. "[A] court may not weigh the evidence before it or make findings of fact; if the evidence before it is conflicting, summary disposition is improper." *Lysogorski v Bridgeport Charter Twp*, 256 Mich App 297, 299; 662 NW2d 108 (2003) (quotation marks, citation, and emphasis removed). However, defendant's affiants were not in conflict with regard to the *material fact* of whether the driveway existed in 1969. The only conflict among defendant's affiants or among the facts in general is whether a driveway existed later.

Because there was no competent evidence that the purported driveway existed on August 6, 1969, and because defendant, by contrast, provided consistent evidence that it did *not* exist in 1969, the trial court properly granted summary disposition to defendant.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan