*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC OSTERGREN,

UNPUBLISHED
February 21, 2023

Plaintiff-Appellant,

v

No. 359149
Roscommon Circuit Court
LC No. 21-725486-CZ

ROBERT SCHNEIDER and ROSCOMMON
COUNTY BOARD OF COMMISSIONERS,

Defendants-Appellees.

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In this dispute involving the Open Meetings Act (OMA), MCL 15.261 *et seq.*, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants[1] under MCR 2.116(C)(8) and MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

Many facts are not in dispute. On July 14, 2021, defendant, as chairman of the Roscommon County Board of Commissioners ("Board"), led a regular board meeting. The Board's agenda listed two public comment periods; the first was item number seven, and the second was item number fifteen. After addressing the first six agenda items, Schneider opened the floor for the first public comment period by saying, "Item number seven, do we have any public comments in regards to the agenda please?" The July 14 meeting was the first meeting that Schneider asked attendees to limit their comments to "agenda items only" during the first public comment period. Plaintiff Eric Ostergren expressed concern with this limitation, but Schneider clarified that Ostergren could speak without restriction during the second public comment period. When Schneider announced the start of the second public comment period, Ostergren spoke for slightly longer than the five-minute time limit.

---

[1] On appeal, plaintiff challenges the order only as it pertains to individual defendant Schneider.

At the Board's next regular meeting on July 28, 2021, the meeting agenda stated that the first public comment period was limited to "agenda items only," and Schneider suggested that the Board formally adopt the limitation. The Board revised its rules to reflect the limitation during its August 11, 2021 meeting, and it continued to use the limitation at subsequent meetings.

Ostergren filed a two-count complaint, alleging that Schneider and the Board had violated the OMA. Ostergren moved for summary disposition pursuant to MCR 2.116(C)(10) as to the count against Schneider, and defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) as to both defendants. The trial court granted defendants' motion under both MCR 2.116(C)(8) and (C)(10). This appeal followed.

## II. ANALYSIS

Ostergren argues that the trial court erred by granting summary disposition under MCR 2.116(C)(8) and (C)(10) in favor of Schneider. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018). Under MCR 2.116(C)(8), summary disposition is appropriate when "[t]he opposing party has failed to state a claim on which relief can be granted." The trial court must accept all factual allegations in the pleadings as true and consider the pleadings alone. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. Under MCR 2.116(C)(10), summary disposition is proper when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), this Court considers "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018) (quotation marks and citation omitted).

### B. OPEN MEETINGS ACT

Ostergren argues that Schneider intentionally violated the OMA when Schneider limited the first public comment period to "agenda items only" before the Board formally "established and recorded" such a limitation. Like the trial court, we discern no violation of the OMA.

When interpreting a statute, we examine its specific wording to determine the legislative intent. *TCF Nat'l Bank v Dep't of Treasury*, 330 Mich App 596, 606; 950 NW2d 469 (2019). Statutory language "is the primary indication of the Legislature's intent," and "we must enforce the statute as written." *Id*. (quotation marks and citation omitted). "[N]othing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself." *Id*. (quotation marks and citation omitted; alteration in original).

A public official who intentionally violates the OMA is civilly liable for up to $500 in actual and exemplary damages, plus a plaintiff's court costs and actual attorney fees. MCL 15.273(1). "The purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making, and to provide a means through which the general public may better understand issues and decisions of public concern." *Lysogorski v Charter Twp of Bridgeport*, 256 Mich App 297, 301; 662 NW2d 108 (2003) (quotation marks and citation omitted). The OMA states, in relevant part:

> (1) All meetings of a public body must be open to the public and must be held in a place available to the general public. All persons must be permitted to attend any meeting except as otherwise provided in this act. The right of a person to attend a meeting of a public body includes the right to tape-record, to videotape, to broadcast live on radio, and to telecast live on television the proceedings of a public body at a public meeting. The exercise of this right does not depend on the prior approval of the public body. However, a public body may establish reasonable rules and regulations in order to minimize the possibility of disrupting the meeting . . . .

> \* \* \*

> (5) A person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only. [MCL 15.263.]

This Court has stated that "[i]t is clear from reading this provision in its entirety that the Legislature intended to grant public bodies the authority to establish and enforce rules regarding public comment, as well as the ability to establish and enforce similar rules during hearings and committee reports." *Lysogorski*, 256 Mich App at 301.

Ostergren argues that Schneider violated MCL 15.263(5) because he limited the first public comment period to "agenda items only" before the Board "established and recorded" the limitation. The two words are not defined in the OMA. If a statute fails to define a word, this Court may consult a dictionary to determine its plain and ordinary meaning. *Tree City Props LLC v Perkey*, 327 Mich App 244, 247; 933 NW2d 704 (2019). "Establish" has been defined as "to bring into existence," and "record" has been defined as "to set down in writing" or "to cause (as sound, visual images, or data) to be registered on something (as a disc or magnetic tape) in reproducible form." *Merriam-Webster's Collegiate Dictionary* (11th ed).[2]

The Board's rules in place at the time of the July 14 meeting did not specifically limit the first public comment period to "agenda items only," but they provided defendant with discretion

---

[2] These lay definitions are consistent with their legal definitions. See *Black's Law Dictionary* (11th ed) ("Establish" is defined as "[t]o make or form; to bring about or into existence" and "record" is defined as "[i]nformation that is inscribed on a tangible medium or that, having been stored in an electronic or other medium, is retrievable in perceivable form.")

to do so. Board Rule 5.4 required that "an opportunity shall be afforded to any member of the general public in attendance to deliver his/her comments to the Board," but the comments were limited to five minutes per person "unless extended by the chairperson." Board Rule 6.4 stated that "[o]ther persons at the meeting [non-Board members] shall not speak unless recognized by the chairperson." These rules, which were brought "into existence" and "set down in writing" before the July 14 meeting, provided Schneider the authority to exercise his discretion in determining who could speak, when the individual could speak, and how long the individual could speak, so long as each individual was not outright denied the opportunity to address the Board. The July 14 meeting agenda provided for *two* public comment periods, both of which provided individuals a five-minute speaking period. During the July 14 meeting, Schneider told Ostergren that, "as the chairman," he was limiting the first public comment period to "agenda items only," but Ostergren would have a chance to address the Board, unrestricted, during the second public comment period. Notably, Ostergren was not prevented from attending the meeting or speaking. Indeed, Ostergren spoke for more than a minute during the first public comment period and for more than five minutes during the second public comment period. This comports with the purpose of the OMA to allow public access. See *Lysogorski*, 256 Mich App at 301-302. Although Ostergren did not like that he was asked to hold his general comments until the second public comment period, this does not equate to a violation of the OMA.

In sum, Ostergren neither stated a claim on which relief can be granted nor demonstrated the existence of a genuine issue of material fact regarding whether Schneider's conduct constituted a violation of the OMA. Accordingly, the trial court did not err by granting summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10) in Schneider's favor.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney