*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRIS KALLCO,

       Plaintiff-Appellant,

v

MELISSA LYNN PUGH,

       Defendant-Appellee.

UNPUBLISHED
October 30, 2024
9:35 AM

No. 368156
Oakland Circuit Court
LC No. 2022-192285-NI

---

CHRIS KALLCO,

       Plaintiff-Appellant,
and

PRECISE MRI OF MICHIGAN, LLC,

       Intervening Plaintiff,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST and MELISSA LYNN PUGH,

       Defendants-Appellees.

No. 368157
Oakland Circuit Court
LC No. 2022-193406-NF

---

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

In this consolidated first-party and third-party no-fault action, plaintiff appeals as of right from two orders granting summary disposition under MCR 2.116(C)(10) in favor of defendants. In Docket No. 368156, plaintiff appeals the trial court's order granting summary disposition on plaintiff's automobile negligence claim in favor of defendant Melissa Pugh. And in Docket No.

368157, plaintiff appeals the trial court's order granting summary disposition on plaintiff's personal protection insurance (PIP) benefits claim in favor of defendant Citizens Insurance Company of the Midwest (Citizens). We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a motor vehicle accident that occurred on March 9, 2020 involving plaintiff and Pugh. Plaintiff alleges that he sustained injuries from the accident. Plaintiff's claim for PIP benefits was assigned to Citizens by the Michigan Automobile Insurance Placement Facility (MAIPF), pursuant to the Michigan Assigned Claims Plan (MACP). A year after the accident, plaintiff brought a negligence claim against Pugh, alleging that, because of Pugh's negligence, plaintiff sustained "severe permanent and progressive personal injuries and serious impairment of a body function, including but not necessarily limited to: Head, Neck, Back, Shoulders . . . ." Plaintiff also brought a claim against Citizens for PIP benefits, including medical expenses, work loss, and replacement services.

Pugh moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not meet his burden of showing that he sustained a threshold injury under the no-fault act, MCL 500.3101 *et seq.*, and, therefore, he could not maintain his negligence claim against her. Pugh attached to her motion, in pertinent part, plaintiff's deposition transcript, a selection of medical records, and a private detective's surveillance report. In the relevant parts of his deposition, plaintiff testified that his last job was working as a mechanic at Ethan's Auto Repair, but that he had been unemployed since December 2019. Plaintiff testified that he was physically unable to work as a mechanic after the accident because he was not able to grip power tools like he used to before the accident or apply the same level of force to them. He also testified about his recreational activities before and after the accident. According to plaintiff, both before and after the accident, he spent a lot of time playing with his kids and taking them to do activities, but since the accident, he has been unable to do things like carry his children or go with them to amusement parks because these kinds of activities would cause him pain, cramps, and muscle spasms. Plaintiff testified that he used to ride a bicycle before the accident but that he was unable to do so after the accident because it would give him cramps and because he was worried about maintaining his balance on the bike.

The medical records that Pugh attached to her motion included the emergency room records from the date of the accident, which indicate that plaintiff complained of neck pain and underwent an x-ray of his cervical spine, which appeared normal. Pugh also attached medical records from a family practice where plaintiff was seen four times between June 2020 and August 2020, which indicate that plaintiff complained of neck pain from whiplash. Plaintiff returned to the same treater seven months later, in March 2021, to discuss a physical therapy referral. Pugh also included records from an independent medical examination (IME) conducted by Dr. James Bragman on December 27, 2021. Dr. Bragman observed that plaintiff was "very uncooperative with the entire exam" and at times "was totally non-compliant." Dr. Bragman further observed that plaintiff had "near full range of motion" in his neck and that he was "eminently capable" of standing and touching his toes despite his refusal to do so. Dr. Bragman noted that plaintiff had "very little" medical treatment documented in his records and that he had been undergoing physical therapy for six months with no medical basis for doing so. He also noted that plaintiff had refused epidural injections which might have alleviated the alleged pain and that, as a result, he would be considered

-2-

at maximum medical improvement. Pugh also attached to her motion a private detective's surveillance report. The report includes pictures of plaintiff walking, riding a child's bicycle, squatting, bending over, lifting a bicycle out of a minivan unassisted, playing with a dog, driving a car, and twisting his neck.

Shortly after Pugh filed her motion, Citizens filed its own motion for summary disposition under MCR 2.116(C)(10). Citizens argued that plaintiff made material misrepresentations to Citizens regarding the extent of his injuries, which rendered him ineligible for benefits under the MACP. Like Pugh, Citizens attached plaintiff's deposition transcript, the surveillance investigation report, and medical records to its motion.

Plaintiff failed to respond to either motion for summary disposition. The trial court waived oral argument and decided both motions in favor of defendants. In granting Pugh's motion, the trial court found that, "while a factual dispute *may* exist concerning the nature and extent of Plaintiff's injuries, the dispute is <u>not</u> material to the determination whether Plaintiff has suffered a serious impairment of body function" and thus the determination presented a question of law for the trial court to decide. The trial court found that, based upon the evidence presented, plaintiff failed to establish that he sustained a serious impairment of body function and therefore summary disposition in favor of Pugh was appropriate.

With regard to Citizens' motion, the trial court found "that absolutely no genuine issue of material fact exists as to whether Plaintiff knowingly made numerous materially false statements in his claims for [PIP] benefits relative to his alleged injuries and physical restrictions" arising out of the car accident. The trial court reasoned that, "by failing to respond to the subject dispositive motion, Plaintiff makes no attempt to deny and/or otherwise refute the evidence presented by Defendant Citizens regarding said material false statements," thereby compelling summary disposition in favor of Citizens.

Plaintiff moved for reconsideration of both orders. With regard to Pugh's motion, plaintiff argued that his deposition testimony, which Pugh attached to her motion, was sufficient to create a genuine issue of material fact as to whether plaintiff suffered a serious impairment of body function. Regarding Citizens' motion, plaintiff argued that Michigan law no longer recognized an insurer's defense of fraud on the basis of statements made after claim denial, that surveillance observations could not prove insurance fraud as a matter of law, and that inconsistencies in the medical records could not prove fraud as a matter of law and could only create a question of fact. The trial court denied both motions for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023). Summary disposition under MCR 2.116(C)(10) is warranted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When moving under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016). If the moving party properly asserts and supports their

motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists," and they cannot do this by relying on mere allegations or denials in their pleadings. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the party opposing summary disposition "fails to present any evidence, the motion is properly granted because no genuine issue of material fact exists." *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 5 (quotation marks and citation omitted). "Indeed, that must be the outcome unless the moving party's motion fails to present a credible argument or itself presents evidence that creates a question of fact, such as inconsistent testimony about a central fact in the case." *Id*.

In considering a motion for summary disposition, the court need only consider the evidence identified by the parties. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009). The court must consider the evidence submitted in the light most favorable to the nonmoving party, MCR 2.116(G)(5), and must draw all reasonable inferences in favor of the nonmoving party, *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). The trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "[I]f the evidence before it is conflicting, summary disposition is improper." *Lysogorski v Bridgeport Charter Twp*, 256 Mich App 297, 299; 662 NW2d 108 (2003). Appellate review of a summary disposition ruling is limited to the evidence presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

## III. THRESHOLD INJURY

Plaintiff argues that the trial court erred by granting summary disposition in favor of Pugh because genuine issues of material fact exist as to whether plaintiff suffered a serious impairment of body function. We disagree.

Under MCL 500.3135, the threshold question of whether the person has suffered a serious impairment of body function should be determined by the court as a matter of law as long as there is no factual dispute regarding "the nature and extent of the person's injuries" that is material to determining whether the threshold standards are met.[1] *McCormick v Carrier*, 487 Mich 180, 193;

---

[1] MCL 500.3135(2)(a) provides, in pertinent part:

> (a) The issues of whether the injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:
>
> > (*i*) There is no factual dispute concerning the nature and extent of the person's injuries.

795 NW2d 517 (2010), quoting MCL 500.3135(2)(a). If there is no factual dispute over the nature and extent of the plaintiff's injuries, or if the dispute is not material to determining whether the plaintiff suffered a serious impairment of body function, the court should next determine whether the serious-impairment threshold has been crossed. *Id*. at 215.

Plaintiff argues that the trial court erred by finding that, under MCL 500.3135(2)(a)(*ii*), the court could decide as a matter of law whether plaintiff met the serious-impairment threshold because the factual dispute over the nature and extent of his injuries is "clearly" material to the determination of whether he met that threshold. But plaintiff fails to explain how the alleged dispute is material and, as set forth below, we see no error in the trial court's assessment.

Plaintiff also argues that the trial court erred by finding that there was no genuine issue of material fact regarding whether plaintiff met the serious-impairment threshold. But plaintiff's failure to respond to the motion for summary disposition makes it difficult for him to support his argument. Summary disposition is properly granted where, like here, the nonmoving party fails to present any evidence that a genuine issue of material fact exists. *Cleveland*, ___ Mich App at ___; slip op at 5. Indeed, summary disposition in favor of Pugh "must be the outcome" unless Pugh's motion failed to present a credible argument or itself presented evidence that creates a question of fact. *Id*.

Plaintiff argues that Pugh failed to present a credible argument in favor of summary disposition and therefore plaintiff had no duty to respond to the motion. We see no merit in this argument. Pugh's motion made arguments explaining why there was no genuine factual dispute as to specific issues and the motion was supported by ample documentary evidence. Cf. *Meyer v City of Center Line*, 242 Mich App 560, 575; 619 NW2d 182 (2000) (finding that the defendant did not properly present its motion for summary disposition under MCR 2.116(C)(10) where the defendant failed to identify specific issues for which no question of fact existed and failed to provide adequate documentary evidence). Accordingly, plaintiff was obligated to respond to Pugh's motion in order to meet his burden of demonstrating that a fact question existed as to whether he suffered a serious impairment of body function.

Plaintiff also argues that the evidence provided by Pugh in support of her motion itself demonstrates that a question of fact exists as to whether plaintiff suffered a serious impairment of body function. To establish a serious impairment of body function, there must be: "(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *McCormick*, 487 Mich at 215. For each of these prongs, plaintiff points to his full

---

(*ii*) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement. . . .

deposition testimony, attached to Pugh's motion, and argues that it demonstrates the existence of a factual dispute.

Plaintiff's arguments, however, are compromised by his failure to respond to Pugh's motion. The party opposing summary disposition has the burden of establishing that there is a genuine issue for trial. *Barnard*, 285 Mich App at 377. Thus, the court is not required to scour the record for evidence in support of a party's argument, but instead need only consider the evidence specifically identified by the parties. *Id*. In determining whether the evidence attached to Pugh's motion itself demonstrated a genuine issue of material fact, the trial court was only required to consider the parts of plaintiff's deposition testimony specifically identified by Pugh, not the entire deposition transcript. This Court's review is commensurate. See *Bronson Methodist Hosp v AutoOwners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012) ("We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law.").

The parts of plaintiff's deposition identified by Pugh do not establish a genuine issue of material fact as to whether he suffered a serious impairment of body function. Under the first prong of the analysis, for instance, plaintiff must establish that he suffered an objectively manifested impairment of body function. *McCormick*, 487 Mich at 195. The "objectively manifested" requirement means that plaintiffs must "introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering." *Id*. at 198. This generally requires medical testimony. *Id*. Pugh presented objective medical records indicating that there was no physical basis for plaintiff's subjective complaints of pain. The relevant portions of plaintiff's deposition testimony fail to rebut this evidence and instead set forth, at best, mere subjective complaints of pain.

Because, on the record that was properly presented to the trial court, plaintiff cannot show a factual dispute as to whether he suffered an objectively manifested impairment, he fails to satisfy the threshold serious-impairment requirement. Accordingly, the trial court did not err by granting summary disposition in favor of Pugh.

## IV. FRAUDULENT INSURANCE ACT

Plaintiff also appeals the trial court's grant of summary disposition in favor of Citizens on plaintiff's claim for PIP benefits. Citizens moved for summary disposition under MCR 2.116(C)(10) on the basis that plaintiff committed a fraudulent insurance act, which precluded him from recovering PIP benefits. MCL 500.3173a(4) states:

A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the [MACP], for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. A claim that contains or is supported by a fraudulent insurance act as

described in this subsection is ineligible for payment of [PIP] benefits under the [MACP].

As this Court has explained, an individual commits a "fraudulent insurance act" under MCL 500.3173a when:

(1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017).]

Plaintiff's arguments as to Citizens' motion for summary disposition largely mirror his arguments as to Pugh's motion. Our analysis on appeal is also similar. Because plaintiff failed to respond to Citizens' motion, summary disposition in favor of Citizens was proper unless plaintiff can show that Citizens failed to present a credible argument or that the evidence relied on by Citizens itself demonstrates the existence of a genuine issue of material fact. *Cleveland*, ___ Mich App at ___; slip op at 5.

We see no merit in plaintiff's argument that Citizens failed to present a credible argument such that plaintiff was not required to respond to the motion for summary disposition in order to survive it. Like Pugh, Citizens made arguments in its motion explaining why there was no genuine factual dispute as to specific issues and the arguments were supported by ample documentary evidence. See *Meyer*, 242 Mich App at 575.

Nor do we see any merit in plaintiff's argument that the evidence submitted by Citizens in support of its motion itself demonstrates a genuine issue of material fact as to whether plaintiff committed a fraudulent insurance act. Plaintiff, again, points to his deposition testimony in full, arguing that it contradicts Citizens' assertion that he misrepresented his injuries or impairment. But plaintiff's arguments, again, are compromised by his failure to respond to Citizens' motion, and the parts of plaintiff's deposition specifically identified by Citizens do not demonstrate the existence of genuine dispute over any material fact. See *Barnard*, 285 Mich App at 377. In its motion, Citizens pointed to, in pertinent part, plaintiff's testimony in which he described having difficulty playing with his children and needing assistance with cutting his hair and bathing his back, which Citizens argued was false based on plaintiff's medical records and the surveillance reports Citizens procured. None of the evidence identified by Citizens contradicts its assertion that plaintiff's testimony was false, and plaintiff fails to show how any evidence relied on by Citizens demonstrates a genuine factual dispute.

Citing *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 660; 899 NW2d 744 (2017), plaintiff also argues that the trial court erred by granting summary disposition in favor of Citizens because observations made during surveillance of an injured person engaging in physical activities that appear to contradict the person's claim of physical injury, on their own, "are not sufficient to establish any of the elements of fraud beyond a question of fact." Because, however, plaintiff failed to respond to Citizens' motion for summary disposition and instead raised this argument for the first time in his motion for reconsideration, this argument is not preserved for appeal, and we

decline to overlook that waiver here.  See *AAA Life Ins Co v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365613); slip op at 9.  The same holds true for plaintiff's argument that statements made after litigation has ensued cannot constitute fraudulent insurance acts, which was likewise raised for the first time in his motion for reconsideration.[2]

As to both motions for summary disposition, plaintiff failed to show that any genuine issue of material facts exists.  Accordingly, the trial court did not err by granting summary disposition in favor of defendants.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Philip P. Mariani

---

[2] It also bears noting that plaintiff, in making this argument, relies on caselaw which was recently overruled by our Supreme Court in *Williamson v AAA of Mich*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165131).