*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN OPEN CARRY, INC, and
GREAT LAKES GUN RIGHTS,

        Plaintiffs-Appellants,

v

MICHIGAN HOUSE OF REPRESENTATIVES and
SENATE,

        Defendants-Appellees.

FOR PUBLICATION
April 08, 2025
9:09 AM

No. 368942
Court of Claims
LC No. 23-000049-MZ

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

BOONSTRA, P.J.

Plaintiffs, Michigan Open Carry, Inc. (MOC) and Great Lakes Gun Rights (GLGR), appeal by right the trial court's order granting summary disposition in favor of defendants. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In February 2023, several bills were introduced in both houses of the Legislature.[1] Plaintiffs are advocacy groups who were opposed to those bills. Both the House Judiciary Committee and the Senate Judiciary Committee[2] held hearings on the bills on various dates in March and April 2023.

In both the House and the Senate, members of the public wishing to address committee meetings with respect to pending legislation on the committees' agendas are directed to submit

---

[1] While the subject matter of the bills is not relevant to the issues on appeal, the bills provided for additional regulation of certain aspects of the purchase and possession of firearms in Michigan.

[2] The official name of the Senate committee is the Senate Committee on Civil Rights, Judiciary, and Public Safety. The House committee is officially titled the "House Committee on Judiciary," but likewise is referred to by the parties as the "House Judiciary Committee." This opinion will adopt those conventions for clarity.

index cards, colloquially referred to as "testimony cards," identifying themselves, whether they support or oppose (or take no position on) proposed legislation, and whether they wish to speak at the hearing. The testimony cards also advise that members of the public may submit written statements to the appropriate committee clerk.

The relevant House Judiciary Committee meetings took place on March 1, 8, 9, and 22, and April 22, 2023, and the relevant Senate Judiciary Committee Meetings took place on March 2 and 9, 2023. Tom Lambert appeared at the meetings on behalf of MOC, and Brendan Boudreau did so on behalf of GLGR.

At the March 1, 2023 House Judiciary Committee meeting, Lambert and Boudreau submitted testimony cards asking to speak in opposition to several of the bills. However, the only persons granted the opportunity to speak at the meeting did so in support of the proposed legislation. Neither Lambert not Boudreau was permitted to speak at the meeting. According to the meeting minutes, several attendees requested to speak but were unable to do so because of time restrictions; these included persons both in favor of and opposed to the bills.

At the March 8, 2023 House Judiciary Committee meeting, Lambert and Boudreau again submitted testimony cards indicating that they wished to speak in opposition to the legislation, but they again were not able to do so. At the March 22, 2023 meeting, Lambert and Boudreau both submitted testimony cards; Boudreau was not permitted to speak due to time constraints, but Lambert was able to speak in opposition to the bills for nearly 20 minutes, including time to answer questions posed by committee members. And at the April 12, 2023 meeting, Lambert and Boudreau submitted testimony cards but were not permitted to speak at the meeting; the meeting minutes indicate that they were not allowed to speak due to time constraints.

At the March 2, 2023 Senate Judiciary Committee meeting, Lambert and Boudreau submitted testimony cards, but were not permitted to speak. The minutes of the meeting reflect that the meeting was heavily attended by people wishing to speak about the pending bills, necessitating the use of an "overflow room." After hearing nearly three hours of testimony, the committee invited anyone who had not had a chance to speak to return the following week. At the March 9, 2023 meeting, Lambert and Boudreau submitted testimony cards, but Boudreau indicated on his card that he did not wish to speak. Lambert was permitted to speak in opposition to the bills at this meeting.

Plaintiffs subsequently filed an action in the trial court alleging that defendants had violated the Open Meetings Act (OMA), MCL 15.261, *et seq.*, at each of the six meetings discussed above,[3] and seeking declaratory and injunctive relief. In lieu of an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiffs had failed to properly plead or establish a genuine issue of material fact that defendants had violated the OMA.

---

[3] Plaintiffs also alleged other violations of the OMA by defendants at meetings of the full House and Senate as well as the Senate Committee of the Whole. Plaintiffs do not challenge the trial court's rulings concerning those meetings.

The trial court decided defendants' motion without oral argument. It issued a written opinion and order concluding that the Senate had not violated the OMA and that, although the House had failed to enact adequate rules regarding the right to address committees and had therefore violated the OMA, injunctive relief was not warranted. The trial court's ruling was based in part on its determination that the rules permitting committees to accept written testimony satisfied the OMA, because the Legislature's use of the word "address," which it did not define in the OMA, encompassed both oral and written communications. The trial court stated:

> The OMA does not define the term "address." "[W]hen a statute does not define words contained within it, we must construe and understand them according to the common and approved usage of our language." *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 592; 821 NW2d 896 (2012). To determine the common meaning of a word, courts may consult dictionary definitions. *Id. Merriam-Webster's Collegiate Dictionary* (11th ed), p 14, defines the term "address" as "to communicate directly . . . to speak or write directly to[.]"
>
> Reviewing these definitions in the context of MCL 15.263(5), it becomes apparent that the Legislature intended to allow the public's right to address public bodies under the OMA to be satisfied through oral *and* written submissions. Although oral submissions may be preferred by members of the public, the ability to present written submissions in lieu of oral submissions is a pragmatic alternative when public bodies have a duty to carry out their public duties under time constraints, and a large number of individuals are present at a public hearing and their desire to speak presents an obstacle to the public body fulfilling its duties. [Emphasis in original.]

This appeal followed. On appeal, plaintiffs solely challenge the trial court's construction of the word "address" in MCL 15.263(5).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277-278; 681 NW2d 342 (2004). We also review de novo issues of statutory interpretation and construction. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277-278; 681 NW2d 342 (2004).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by concluding that the right to "address" a public body under MCL 15.263(5) can be satisfied through oral and written submissions. We disagree.

MCL 15.263(5) provides:

> A person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011). The Legislature is presumed to have intended the meaning it plainly expressed, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012); accordingly, clear statutory language must be enforced as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012); *Mich Ed Ass'n*, 489 Mich at 218. If the Legislature has not defined a statutory term, it should be given its plain and ordinary meaning. See MCL 8.3a; *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). A court may refer to a dictionary definition in determining the meaning of a statutory term. *Cain v Waste Mgt, Inc* (*After Remand*), 472 Mich 236, 247; 697 NW2d 130 (2005).

The purpose of the OMA is to provide openness and accountability in government. See *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 221; 507 NW2d 422 (1993). The OMA applies to "public bodies" and requires a public body to open its meetings to the public. See MCL 15.263(1). All "decisions of a public body must be made at a meeting open to the public," MCL 15.263(2), and all "deliberations of a public body constituting a quorum of its members must take place at a meeting open to the public," MCL 15.263(3). Additionally, as noted, MCL 15.263(5) provides that "[a] person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only." This Court has held that MCL 15.263(5) reflects the Legislature's intent "to grant public bodies the authority to establish and enforce rules regarding public comment, as well as the ability to establish and enforce similar rules during hearings and committee reports." *Lysogorski v Bridgeport Charter Twp*, 256 Mich App 297, 301-302; 662 NW2d 108 (2003).

The sole issue before us in this case is whether the trial court erred by deciding that "the Legislature intended to allow the public's right to address public bodies under the OMA to be satisfied through oral and written submissions." We conclude that it did not.

## A. FRAMING THE ISSUE

At the outset, it is important to frame the issue by noting what the trial court did *not* decide and what is not at issue on appeal. Contrary to plaintiffs' characterization, the trial court did not decide that a public body complies with the OMA if it limits the public to written addresses only. That issue was not before the court, as neither the House nor the Senate Judiciary Committee allowed *only* written communication from the public at its meetings.

Rather, the record shows that the public was permitted to request to address the committees orally, submit a written statement, both, or neither—the testimony cards permit meeting attendees to check a box indicating whether they wish to speak and direct attendees to "leave a copy of any prepared statement with the committee clerk." The Senate Judiciary Committee rules also explicitly state that a committee may accept "written testimony" and limit "verbal testimony."[4]

---

[4] Presumably, the senate rule's reference to "verbal" testimony was intended to mean "oral" testimony, since the term "verbal" encompasses both written and oral communications.

-4-

And the record shows that Lambert was permitted to speak at the second Senate Judiciary Committee meeting after being denied an opportunity to speak at the first meeting due to time constraints—in fact, the Committee specifically invited those who were denied a chance to address the meeting orally to return the following week to do so. Boudreau did not request to speak at the second Senate Judiciary Committee meeting.

Regarding the House Judiciary Committee meetings, Boudreau was not permitted to speak at four meetings and Lambert was not permitted to speak at three (while being allowed to speak at a fourth). And the trial court in fact found that the committee had violated the OMA by failing to promulgate adequate rules to govern the process of addressing the Committee—the trial court noted that no time restrictions were imposed on testimony and that there was no specific rule indicating that written testimony would be accepted. In neither case were plaintiffs, or the public at large, limited to providing *only* written testimony as the means of addressing the meeting. Rather, the trial court's interpretation of "address" as used in MCL 15.263(5) was only a part of its larger analysis concerning the adequacy and implementation of the rules promulgated by the committees regarding the public's right to address committee meetings.

It is also important to note those aspects of the trial court's ruling that plaintiffs have not challenged on appeal. For example, plaintiffs have not challenged any aspect of the trial court's ruling that the Senate Judiciary Committee "satisfied its obligation under MCL 15.263(5) to establish rules which set forth the conditions under which members of the public may address a meeting of a committee of the public body," or its ruling that the House Judiciary Committee failed to do the same. Accordingly, even if we were to conclude that the trial court erred in its interpretation of MCL 15.263(5), plaintiffs would not necessarily be entitled to any relief. After all, the record shows that Lambert was permitted to orally address a meeting of the Senate Judiciary Committee after being denied once because of time constraints, and that Boudreau did not request to speak at that same meeting after being denied once for the same reason.[5]

Plaintiffs also have not challenged the committees' right under the OMA to promulgate rules that include restrictions on the time for oral public address, see *Lysogorski*, 256 Mich App at 298, 302, or the content of those rules. Although plaintiffs rather blithely suggest that the Legislature is suppressing disfavored viewpoints, no such issue is before us. And plaintiffs acknowledge that they are "not challenging the validity of any legislative action or asking for any

---

[5] As noted, the trial court did conclude that the House Judiciary Committee had violated the OMA by failing to adopt pertinent rules, yet it concluded that injunctive relief was not warranted. Those conclusions would not be altered regardless of our resolution of the statutory interpretation issue that is before us. We note that it is undisputed that, on February 14, 2024, the House Judiciary Committee adopted a rule, largely mirroring the Senate Judiciary Committee rule, providing: "For any item of legislation considered by the committee, at least 1 meeting will be called at which the public may address the committee regarding that item of legislation. Oral testimony may be limited at the discretion of the committee chair. The Committee may accept written testimony in lieu of oral testimony."

decision to be undone." Rather, plaintiffs' challenge is solely to the trial court's interpretation of the term "address" in MCL 15.263(5).[6]

## B. THE MEANING OF "ADDRESS" IN MCL 15.263(5)

The issue before us is thus purely one of statutory interpretation: the meaning of the word "address" in MCL 15.263(5). As noted, MCL 15.263(5) provides:

> A person must be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only.

The Legislature did not define the term "address" in the OMA. When the Legislature has not defined a term, its ordinary meaning is used when construing a statute. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994), citing MCL 8.3a. "Reference to a dictionary is appropriate to ascertain what the ordinary meaning of a word is." *Popma*, 446 Mich at 470. Merriam-Webster's Collegiate Dictionary provides that the verb "address" may be defined as "to communicate directly" and "to speak or write directly to" especially regarding a formal communication. *Merriam-Webster's Collegiate Dictionary* (11th ed), p 14. The ordinary meaning of the word therefore encompasses written communication in addition to speech.

Plaintiffs argue that, in the "context" of a member of the public addressing a meeting of a public body, this definition should not apply. Plaintiffs support their argument with citations to opinions of the Attorney General and to this Court's decision in *Lysogorski*, 256 Mich App at 298, 302, citing OAG, 1977-1978, No. 5332, pp 536, 538 (July 13, 1978), and OAG, 1979-1980, No. 5716, pp 812, 814 (June 4, 1980). However, neither the opinions of the Attorney General[7] nor *Lysogorski* addressed the issue of whether a meeting of a public body may be "addressed" in writing as well as orally; rather, plaintiffs merely assert that it was "plainly understood by everyone involved" that public address under MCL 15.263(5) means only oral address by members of the public present at the meeting. Plaintiffs essentially argue that the word "address" in the statute has acquired a particular technical meaning or has become a term of art. See MCL 8.3a; *Brackett*, 482 Mich at 276. But plaintiffs provide no legal support for that assertion, and we find it generally unpersuasive.

Plaintiffs also argue that the Legislature indicated that it understood the word "address" to refer only to oral address when it amended the OMA in response to the COVID-19 pandemic. We

---

[6] Plaintiffs' challenge to the trial court's interpretation of MCL 15.263(5) could be considered hypothetical or moot. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) (noting that an issue is generally moot when it is impossible for a reviewing court to grant meaningful relief). However, because this is an issue of public significance, see *id.*, we will address plaintiffs' challenge, now that we have clarified what the narrow issue before us actually is.

[7] Opinions of the Attorney General are not binding on this Court, but we may look to them as persuasive authority. *Lysogorski*, 256 Mich App at 301.

disagree. The Legislature merely added a provision to the OMA governing the conduct of electronic meetings. See MCL 15.263a(2). This provision requires that an electronic meeting must be conducted in manner that "permits 2-way communication so that members of the public body can hear and be heard by other members of the public body, and so that public participants can hear members of the public body and be heard by other members of the public body and other participants during a public comment period." This provision says nothing about whether a public body may be "addressed" in written form as well as orally; rather, it merely requires a public body that wishes to hold electronic meetings to do so in a way that allows two-way communication between the body and attendees during a public comment period. In other words, MCL 15.263a(2) provides guidance for a public body seeking to permit oral public comment at an electronic meeting. We decline to read this provision as proof of the Legislature's intent when interpreting a different statutory provision that was enacted decades earlier. See *In re Moukalled Estate*, 269 Mich App 708, 718; 714 NW2d 400 (2006) (noting that an amendment may reflect the Legislature's intent to change existing law, or clarify the Legislature's original intent; therefore, it cannot be presumed that the Legislature intended to change the meaning of a statute by amending it).

In the absence of any evidence that the Legislature intended a particular definition for the word "address" in MCL 15.263(5), or evidence that the word has become a legal term of art, or evidence that defining the word to include written communication would be at odds with the purposes of the OMA, we see no reason why the word should not be given its plain and ordinary meaning. *Brackett*, 482 Mich at 276. We therefore affirm the trial court's interpretation of MCL 15.263(5).

We stress that, contrary to plaintiffs' grim portent that this holding will enable all public bodies across the state to dispense with public comment altogether, we do *not* hold that a public body complies with the OMA by accepting written communications only. A public body's rules regarding the acceptance of written communications and limitation of oral communications should, if challenged, be reviewed in the manner of any other challenge under the OMA. We merely decline plaintiffs' request to interpret MCL 15.263(5) in a manner that would, in all circumstances, *preclude* the acceptance of written communications in lieu of oral communications, or that at least would preclude a court from considering that acceptance when analyzing a challenge to a public body under the OMA.

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick